State vs. Johns.

No. 967.

STATE OF LOUISIANA VS. M. DAVID JOHNS.

An Indictment is defective for duplicity and uncertainty and will be quashed, when, in one and the same Count, the accused is charged with the two distinct offenses, defined respectively in sections 791 and 794 of the Revised Statutes, to wit: that of stabbing any person with intent to commit murder, and that of inflicting with a dangerous weapon a wound less than mayhem.

APPEAL from the Sixth Judicial District Court, parish of West Carroll. *Brigham*, J.

D. J. Norwood, Ed. F. Newman, District Attorney of the Sixth District, and F. G. Hudson, District Attorney of the Fifth District, for the State, Appellee.

David Todd and Richardson, McEnery & Polk for Defendant and Appellant.

The opinion of the Court was delivered by

LEVY, J. M. David Johns was prosecuted under information filed by the District Attorney in the Sixth Judicial District Court for the parish of West Carroll, in which he is charged with assault with a dangerous weapon and with stabbing one Levi C. Massingill with a dangerous weapon, with intent to commit murder, and with inflicting upon the said Massingill with said dangerous weapon a wound less than mayhem. The accused pleaded not guilty, and was tried by jury; the jury rendered a verdict of guilty, and the accused was sentenced by the court to ten years imprisonment at hard labor in the State Penitentiary. Motions for new trial and in arrest of judgment were made and denied, and the accused has appealed.

The first and salient objection urged by the defendant, and on which he asks a reversal of the judgment of the lower court, is, that the information under which the conviction and sentence were had is defective because of an illegal joinder of offenses therein. The information sets forth and charges as follows : That the prisoner, M. David Johns, " did willfully, maliciously, feloniously, and of his malice aforethought, stab one Levi C. Massingill, then and there in the peace of the State of Louisiana, with a pocket-knife, the said pocket-knife being then and there in the hands of the said M. David Johns, and the said pocket-knife being then and there a dangerous weapon, with intent to commit the crime of murder. And the said M. David Johns, at the said time and place, with the said dangerous weapon, to wit, a pocket-knife, did then and there feloniously, maliciously, and of malice aforethought, inflict upon the body of

the said Levi C. Massingill, then and there being in the peace of the State of Louisiana as aforesaid, a wound less than mayhem, contrary to the form of the statute of the State of Louisiana in such case made and provided, and against the peace and dignity of the same."

The crime of stabbing any person with a dangerous weapon with intent to commit murder is denounced in section 791, Revised Statutes of Louisiana, and that of inflicting a wound less than mayhem upon another person with a dangerous weapon in section 794. The crimes are separate and distinct, and different penalties attached to the several offenses. Being of the same generic class, and growing out of and connected with the same alleged act, it was doubtless competent to join these offenses in the same indictment, but the text-books and decisions of our own Court are clear that they cannot be joined in the same count. In this case the indictment contains but one count, and it cannot be successfully contended that the offenses charged are cumulative offenses denounced in the same statute. State vs. Markham, 15 An. 498, and authorities therein cited. In the case of State vs. Fant, 2 A. 837, the Court held that where the offense charged is cumulative "a general verdict of guilty in such an indictment would be sustained by proof of any one of the acts charged;" and in State vs. Banton, 4 A. 32, that "the general rule is, that several distinct offenses cannot be included in one count of an indictment; it is subject, however, to numerous exceptions. The rule appears to be well established, in relation to penal statutes, that when the statute enumerates several offenses connected with the same transaction, or the intent necessary to constitute such offenses disjunctively, they may all be alleged cumulatively in one count, and in that event must be charged in the indictment conjunctively." In State vs. Ford, 30 A. 311, it is well settled that only one substantive charge can be laid in each count. Thus it has been held, where an indictment containing one count charges the defendant with rude behavior in a meeting-house, and with disturbing public worship, these two distinct offenses joined in the same count were fatal to the indictment. 2 Mass. 163. "Two distinct offenses, requiring different punishments, cannot be charged in the same count. Such an indictment is defective for duplicity, and a conviction upon it will be reversed for error." 1 Parker's Crim. Rep. 481.

The duplicity and uncertainty which characterize the indictment in this case are to our minds manifest. It may well be asked, where the two offenses, one of stabbing with intent to commit murder, and the other inflicting a wound less than mayhem, are charged in the same count, and a general verdict of guilty is rendered, for which of these crimes did the jury find the prisoner guilty? And as one section of the statute denounced a certain offense and a certain penalty, and the other

State vs. Johns.

section another offense and a different penalty, under which section is the penalty applied? The elementary principle in criminal practice and pleading, that all offenses shall be stated and charged unmistakably and with certainty, and the penalty for their violation plainly expressed, so that the accused may be thoroughly and distinctly informed and advised why and to what extent he is in jeopardy, should be rigidly adhered to, and its violation or a deviation therefrom would involve the upheaval of our settled criminal jurisprudence.

As the indictment is held by us to be defective, as above stated, and as these defects are fatal, it is not necessary to consider the other objections and pass upon the other questions presented in the brief of counsel of the accused.

For these reasons, and adopting the precedents of this Court in case of State vs. Palmer, recently decided by this Court, and State vs. Curtis, 30 An. 814, State vs. Morrison, 817,

It is therefore ordered, adjudged, and decreed that the verdict of the jury be set aside, and the judgment and sentence of the court be annulled, avoided, and reversed, and that the infoimation under which the accused was prosecuted be quashed, and that M. David Johns be detained in custody to await the further action of the District Attorney and the grand jury of the parish of West Carroll, and until dischaiged in the due course of law.