Hon. FÉLIX P. POCHÉ, ⎫
Hon. ROBERT B. TODD, ⎪
Hon. CHARLES E. FENNER, ⎬ *Associate Justices.*
Hon. THOMAS C. MANNING,* ⎭

### No. 1078.

### THE STATE OF LOUISIANA VS. WILLIAM TAYLOR.

An indictment charging that the accused with a dangerous weapon did *make an assault* upon the person of A, and did feloniously inflict a wound less than mayhem, is evidently framed under Sec. 974 of the R. S.

It is not amenable to the charge of duplicity, for containing the words: "did *make an assault,*" found in the preceding Section 973.

Assault is an essential element or ingredient of the offense charged. There can be no battery, no murder, no rape, no wounding, unless an assault be first committed.

The use of the words did not change the nature of the offense charged, and was legitimate and authorized.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson,* J.

*F. G. Hudson,* District Attorney, for the State, Appellee.

*J. H. Dinkgrave* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The indictment charges that the defendant with

---

Mr. Justice MANNING was absent during the whole of this term.

a dangerous weapon, to-wit: a pistol, feloniously did make an assault upon the person of Orange Chappel, and did feloniously inflict a wound less than mayhem.

After trial, the jury rendered a verdict of guilty as charged.

The accused then moved to arrest the judgment, on the main ground that the indictment is fatally defective for charging two distinct offenses in one single count.

The motion having been overruled, and the prisoner sentenced to twelve months' imprisonment, we are called upon to review the ruling denying the motion in arrest.

The complaint is, that the indictment contains two distinct charges in a single count.

In support it is claimed that the offenses charged are totally distinct and separate, the penalties therefor being entirely different and inconsistent; that the penalty of the first offense is discretionary: fine or imprisonment, or both; that the punishment for the other is mandatory and absolute.

It is further insisted that the grand jury should have found upon both offenses, and that the indictment should show that fact; that failing in this, the indictment is fatally defective, and that the prisoner should be released.

To sustain his position, counsel for defendant refers to Sections 793 and 794 of the Revised Statutes, and to a number of authorities, to show that the indictment contains two distinct charges in one count, and that this is prohibited.

There can be no doubt that the two Sections, to which reference is made, provide for different offenses and for different penalties; and that the authorities are: that distinct offenses, created by different statutes, punishable in different ways, cannot be included in the same count. 4 An. 32; 6 An. 289; 15 An. 498; 20 An. 145; 31 An. 718; 33 An. 1294.

The prosecution is evidently brought under Section 794 of the R. S. The indictment is couched in the very terms of the Statute, which provides: " whoever shall, with a dangerous weapon, inflict a wound less than mayhem upon another person, shall on conviction, etc."

There is no substantial difference between the indictment and the Statute, no material variation from its requirements. The disparity between the phraseology is nominal. It consists merely in this: that the indictment charges that the defendant did *make an assault;* but the indictment charges distinctly, that the defendant did feloniously inflict a wound less than mayhem.

The words: did *make an assault* are stereotyped in prosecutions like

this, and were properly inserted. It is obvious that an assault is essentially an element or ingredient of the offense charged. There can be no battery, no murder, no rape, no wounding, unless an assault be first committed. The insertion of the words did not change the nature of the offense charged, and was therefore legitimate and authorized.

The indictment is not consequently open to a successful charge of duplicity.

This view of the case renders unnecessary a decision of the other ground of complaint.

Judgment affirmed.