(53 South. 582.)

No. 18,383.

### STATE v. TUGGLE.

(Nov. 14, 1910.)

*(Syllabus by the Court.)*

1. HOMICIDE (§ 141*) — INDICTMENT — SUFFI-- CIENCY OF ACCUSATION.

An indictment charging a crime denounced by Rev. St. § 793, and drawn with a view of charging a crime denounced by Rev. St. § 794, is fatally defective.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 237–249; Dec. Dig. § 141.*]

2. INDICTMENT AND INFORMATION (§ 125*)— DUPLICITY.

Where one count of an indictment charges a complete offense under Rev. St. § 793, and then goes on and charges the accused with the offense of having inflicted a wound less than mayhem, denounced by Rev. St. § 794, the indictment is null for duplicity of pleading.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. § 125.*]

Appeal from Third Judicial District Court, Parish of Claiborne; B. P. Edwards, Judge.

Luke Tuggle, Jr., was prosecuted for an assault with intent to kill, and with inflicting a wound less than mayhem. A motion to quash the indictment was sustained, and the State appeals. Affirmed.

Walter Guion, Atty. Gen., and W. C. Barnette, Dist. Atty. (R. G. Pleasant, of counsel), for the State. W. D. Goff, for appellee.

BREAUX, C. J. The defendant was charged with having committed an assault by pouring boiling water into the ear of Mary Ola Tuggle, while she was asleep, with intent to kill, and did then and there inflict a wound less than mayhem.

The defendant, through counsel, filed a motion to quash the indictment, alleging that it failed to charge a crime and was not drawn in accordance with the requirements of section 794 of the Revised Statutes.

Moreover, that if it charged a crime un-

der the cited section, it is defective because of duplicity, in that two crimes, denounced in different statutes, to wit, sections 793 and 794, prescribing different penalties of a different class, are charged; and, further, that the indictment contains averments not necessary in charging the crime.

The judge of the district court sustained the motion to quash, and annulled the indictment, and ordered the defendant released.

The state appeals.

The defendant was prosecuted, the state avers, under section 794 of the Revised Statutes.

The indictment was not drawn in accordance with the words of that statute, nor does it contain equivalent words.

A complete assault is alleged, including the particularities of the assault, as before stated. It was a complete denunciation of an assault under section 793 of the Revised Statutes, although the indictment was written with a view of complying with section 794 of the Revised Statutes.

The second point urged in the district court, which the trial court sustained, was that two offenses were alleged in one count.

There is only one count in the indictment. A complete offense is charged under section 793, and continuing in the same count the defendant is charged with having inflicted a wound less than mayhem.

This last charge falls within section 794 of the statute.

There is duplicity in the indictment.

This court has decided that a charge of stabbing with intent to commit murder with a dangerous weapon, and also charging in the same count the inflicting of a wound less than mayhem, is bad for duplicity; the offense being distinct under sections 791, 794, of the Revised Statutes. State v. Johns, 32 La. Ann. 812.

The charge would not be double if the indictment stated that the defendant had made an assault upon the person and inflicted a wound less than mayhem. State v. Taylor, 35 La. Ann. 835.

The assault in that case would be intimately connected with a wound less than mayhem and inseparable from it.

In the case before us for decision, assault is charged and the particular act that constituted the assault. That was one offense. Immediately afterward, in the same count, the indictment charges the inflicting of a wound less than mayhem another offense.

The first offense is in violation of section 792, and the other of section 794.

It follows that there was a double crime charged in one count.

For reasons assigned, the judgment of the district court is affirmed.