ST. PAUL, J.
The defendant was charged in one count of the same indictment with *245 having in his possession for beverage purposes intoxicating liquor, and with retailing and selling same.
The defendant moved to quash the indictment for duplicity, t'o wit, that it charged two separate and distinct crimes in one count; and we think the motion should have been sustained.
Section 1 of Act 39 of 1921, commonly known as the Hood Bill, makes it an offense both to sell intoxicating liquor for beverage purposes, and to have it' in possession. But section 3 of the act provides a different penalty for the sale from that which it provides for mere having in possession; in the former case (sale), imprisonment is a necessary part of the penalty that must be imposed, in the latter case (mere possession), imprisonment is not necessarily part of the penalty.
Hence the two offenses may be differently punished, and are therefore separate offenses. State v. Johns, 32 La. Ann. 812, 813. And:
“li is well settled that only one substantive charge can be laid in each count. * * * Two distinct offenses, requiring different punishments, cannot be charged in the same count. Such an indictment is defective for duplicity. * * * ” State v. Ford, 30 La. Ann. 311, 313.
Decree.
The judgment appealed from is therefore reversed; and it is now ordered that the motion to quash the indictment for duplicity be maintained, and the accused discharged.