## No. 8966.

### THE STATE OF LOUISIANA vs. MOISE MORGAN.

An amendment allowed during trial, in a case of rape, substituting a different name to that of the person charged as having been ravished, with the object of substituting another person, affects the substance of the indictment and is not permissible under Sec. 1047, R. S. The District Court was right after verdict to quash the same.

A PPEAL from the Twenty-fifth District Court, Parish of Lafayette. *Clegg*, J.

*J. A. Chargois*, District Attorney, for the State, Appellee.

*D. Caffery* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The State appeals from a judgment setting aside the verdict of the jury sustaining a motion in arrest of judgment, in a prosecution of the defendant for the crime of rape.

The indictment charged the defendant with having committed the rape on the person of Marie Logan.

After arraignment and plea, the case was taken up for trial, and during the progress the trial and after part of the evidence had been

introduced, the District Attorney moved to erase the name of *Marie Logan* and insert instead the name of *Rose Bastian* as the true name of the person against whom the alleged offense was committed. To this change or amendment counsel of the accused objected, and upon the motion being granted, he reserved his objections, appearing in a bill of exceptions. The trial proceeded, and the jury returned a verdict of guilty, without capital punishment. Thereupon, a motion in arrest was made, substantially on the ground that the defendant had never been indicted for a rape upon Rose Bastian, had never been arraigned or pleaded to such charge, and that the amendment allowed during the trial was not merely to correct a description, or give the true name of the person alleged to have been injured, but to insert the name of a different person and, in effect, to institute a new and different prosecution from that originated by the indictment.

This motion was sustained, the verdict quashed, and the accused held in custody, to answer to the charge before another jury, after arraignment and plea.

The appellee asks for no amendment of the judgment.

It clearly appears from the record, that the amendment to the indictment was not merely to the effect of correcting an error or misdescription as to the name of the party upon whom the offense was committed, but, in point of fact, to substitute the name of a different person, so that the indictment, as originally found, charged that the rape had been committed upon one person—an actual living person—and as subsequently changed, that another and different person had been ravished. In other words, the error in the indictment was not merely as to the name, but really as to the person against whom the crime was committed.

The part of the Section (R. S. 1047) under which this amendment was moved, reads thus :

"Whenever, on or before trial of any indictment for any crime or misdemeanor, there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof, *   * in the name or description of any person, body politic or corporate, therein stated or alleged to be injured or damaged, or intended to be injured or damaged by the commission of such offense; or in the christian name or surname, or both christian name and surname, or other description whatsoever, or of any person whomsoever therein named or described,   *   * it shall be lawful for the court before which the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense, to order such indictment to be

amended according to the proof, 　\* 　\* 　the trial to be had before the same or another jury, as the court may think reasonable, etc."

It is evident from a reading of the above, that the statute only authorized such a change in an indictment, as to names, as would correct formal errors or misdescriptions in names attempted or intended to be set forth properly therein, and not to make radical and material changes as to persons, or things pertaining to the substance of the indictment, and by which the defendant might be prejudiced.

. This is no new construction of the statute, but one in accord with repeated decisions of this Court. State vs. Nicholson, 14 An. 785; State vs. Cook, 20 An. 145; Ib. 408; see also, Wharton, Am. Crim. Law, 6th Ed., Secs. 250–256; Waterman, Archibold, (7th Ed.) 274.

The last authorities cited relate to the construction of the English statute, (14 and 15 Vict.) from which the Act of 1855 (R. S. 1047) was originally derived.

It is plain, that such a change, not merely of names, but of persons, amounting substantially to the substitution of one person for another, upon whom the offense was committed, would necessarily work to the prejudice of the accused.

Judgment affirmed.