State vs. Clark.

No. 9269.

THE STATE OF LOUISIANA VS. JAMES CLARK.

Continuances are peculiarly within the legal discretion of the trial judge in criminal cases. Refusals to grant them will not be interfered with, unless in cases of flagrant error, or gross abuse of power. The *onus* rests upon the accused to show the same affirmatively.

An *affidavit* for a continuance, on the ground of the absence of a material witness, necessary to prove assault by the deceased on a described person, and to establish self-defence, is insufficient, where the accused does not at least, by his own sworn declaration, identify himself with such person.

State vs. Clark.

A PPEAL from the Criminal District Court for the Parish of Orleans.
   *Roman*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee.

*Wm. R. Whitaker* and *W. L. Evans* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The defendant was prosecuted for murder, con-
victed of manslaughter, and sentenced to twenty years at hard labor.
From the verdict and judgment thereon he appeals, claiming as the only
ground of complaint, that the district judge erred in refusing him the
continuance asked by him, when the case was called, which is based on
the absence of an alleged material witness.   The motion is supported
by an *affidavit* to the ruling of the judge; a bill was taken to which
the motion and *affidavit* are attached as parts.

There is no doubt that if the *affidavit* was sufficient and *bona fide*,
and worthy of credence, under the surrounding circumstances, the ac-
cused would have been entitled to a postponement of his trial; but the
district judge has assigned as reasons, that he did not believe most of
the facts sworn to; that the motion was made for delay, and that proper
steps had not been taken by the defense to procure the attendance of
the witness.

In criminal trials, continuances are left, in a much greater degree
than in other matters, to the sound discretion of the trial judge, so
much so, that the appellate court will not interfere unless a flagrant er-
ror, or abuse of power has been committed.   This is so for the reasons,
*that* he is better able *to* know and *to* determine, whether the motion is
a device resorted to for delay, and *that* there are many things which
transpire under the eye, and in the presence of the judge, which do not
come up with the transcript.

Due diligence must be shown to have been used.   Diligence is a mat-
ter of fact, upon which the judge's opinion is, if not conclusive, surely
presumptively correct.   The appellate court will not go counter to it,
unless the record shows that the judge was wrong.   The *onus* is on the
defendant then to show affirmatively that the judge grossly erred.

The mere declaration in the *affidavit*, that the diligence was used,
does not conclude the judge.   It may so happen, and probably it did
occur in this case, that the judge had before him the proof that due dili-
gence was not used, as alleged.

In the present instance, the judge distinctly states that proper steps
had not been taken to secure the attendance of the witness, and the ac-

9

cused has failed to establish specifically what steps had actually been taken. He should have done so.

The man was here a fortnight before the trial, which the prisoner knew was to come on, and yet he neglected to have the witness detained. He could have had him recognized and even put under bond to appear on the day of trial.

The accused swore that it was only on the day preceding that of the trial, that he learned that the witness was *absent*. He should have sworn that he did not know that the witness intended to leave the jurisdiction of the court.

Is it credible that a prisoner about to be tried for his life would not compel an important witness to give recognizance to attend the trial and thus secure his testimony, if the witness was truly material? All that enters into the question of the diligence.

Besides, the *affidavit* appears to be seriously deficient. It does not show pointedly that the testimony of the witness was indispensable. It should have set forth that the meeting and affray, to which it alludes between the two men, Kellar, the deceased, and the "*small man*" mentioned, was connected with the fatal occurrence between the deceased and the accused. It should have been clear that this meeting was part of the *res gestæ* and that the "small man" referred to was the prisoner at the bar.

It may be that the accused did not know whether the absent witness could, or not, prove his identity; but this ignorance of the fact would only relieve the defendant from swearing to it; surely he should, as the fact, if true, was to his own knowledge, have, by his oath, connected the "small man" with himself. He has not done so.

The accused was prosecuted, as stated, for murder, convicted of manslaughter, and inflicted the highest penalty authorized by law. There was not made even a motion for a new trial. He appears to have had a fair trial.

We cannot say that the district judge erred in refusing the continuance.

Judgment affirmed.

Rehearing refused.

TODD J. takes no part.