State vs. Hanks.

---

## No. 9832.

### THE STATE OF LOUISIANA vs. J. AND H. HANKS.

Sec. 1047 Rev. Stat. authorizes the judge to allow amendment of the information or indictment for larceny, for the purpose of correcting the allegation thereof as to the ownership of the property stolen, when satisfied that such amendment will not prejudice the defense. The ownership of a particular person is not an essential ingredient of the crime of larceny, and when the thing charged to have been stolen is otherwise fully identified, thus putting the accused properly on his defense as to the substantial fact, the error as to the person alleged to be the owner is immaterial and properly subject to correction by timely amendment. The statute is not repugnant to Art. 8 of the Constitution. The decision in Morgan's case, 35 Ann. 1139, is not applicable.

The refusal of a new trial on the ground of newly-discovered evidence will not be overruled, when the evidence is cumulative only, and not supported otherwise than by the affidavit of accused ; or, when the evidence, which is supported by the affidavit of the proposed witness, must necessarily have been known to accused before his trial.

APPEAL from the Twenty-fifth District Court, parish of Lafayette. *Debaillon*, J.

*M. J. Cunningham*, Attorney General, and *R. C. Smedes*, District Attorney, for the State, Appellee.

*Chas. D. Caffery* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The first and second exceptions are taken to the rulings of the judge. 1st, in allowing the information to be amended after

trial had begun; 2d, in overruling a motion in arrest of judgment, based on alleged error in said first ruling.

The amendment complained of was the following: The information charged defendants with larceny of a horse, the property of Sévigne Duhon; but it appearing from the evidence that, at the time of the larceny, the horse really belonged to Cecile Duhon, then a minor child of Sévigne, who, however, had subsequently married, the court permitted the information to be amended by substituting the name of "Cecile Duhon, wife of William Harron," as the owner.

The amendment is fully supported by Sec. 1047 of the Revised Statutes, which provides that, "whenever, on or before the trial of any indictment for any crime or misdemeanor, there shall appear to be any variance between the statement in the indictment and the evidence offered in proof thereof * * * in the ownership of any property named or described therein, it shall be lawful for the Court, before which the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense, to order such indictment to be amended according to the proof; * * the trial to be had before the same or another jury, as the Court shall think reasonable." It is obvious that the statute casts upon the judge two functions: 1st, to decide whether the amendment can be allowed without prejudicing the defendant; 2d, if allowed, to determine whether the trial should proceed before the same, or be begun anew before another, jury. The only complaint presented under the bill is against the allowance of the amendment. After its allowance, no objection was urged against the continuance of the trial before the same jury, and no application was made for a new jury and a fresh trial. Therefore, the only question before us is the propriety of the amendment.

The judge supports his action by conclusive reasons, showing that the amendment as to ownership did not, in the slightest degree, affect the identity of the particular horse charged to have been stolen, which was a horse branded in a particular way, which had been sold by defendants to one Thomas Smith, who had been previously prosecuted for its larceny, and acquitted on proof that he had bought the animal from these defendants.

The statute obviously contemplates, in this clause, a correction of variance, not merely in the name of the person mentioned as owner, but in the ownership itself.

The ownership of a particular person is not an essential ingredient of the crime of larceny, which is simply the felonious taking and car-

rying away of the personal goods of *another*; and even if the owner be unknown, the offense may be properly charged and sustained.

The essential facts constituting the crime of larceny of a particular, specified horse, are not, in any manner, affected by the question whether the horse was the property of Sevigne Duhon or of Cecile Duhon. It is sufficient if the horse was the property of another. The identity of the horse charged to have been stolen is the important thing in determining whether the offense proved is the offense charged.

In the case of rape, it is entirely different. A charge of committing a rape upon the person of A cannot, by amendment, be changed into a charge of committing a rape upon the person of B, because such a change would involve the charge of an entirely distinct and separate crime, to be supported only by proof of essentially different facts.

Hence our decision in Morgan's case, 35th Ann. 1139, has no application here.

The statute here under consideration presents no conflict with Art. 8 of the Constitution, which provides that:

"In all criminal prosecutions the accused shall enjoy the right to be informed of the nature and the cause of the accusation, etc." The accused have had full enjoyment of that right in this case; the information charging them with larceny of "one two-year old female horse;" and if the evidence establishes the identity of the particular horse referred to, "the nature and cause of the accusation" are not affected by the question as to whether it was the property of Sevigne Duhon as originally charged, or of Cecile Duhon, as subsequently proved and charged in the amended information.

There is no merit in the exceptions.

The remaining exception was taken to the ruling of the judge on the rule for a new trial based on newly-discovered evidence.

As to all the witnesses named in the motion, except two, the motion is not sustained by their affidavits, and for this reason, as well as for the reason that the defendants had not used due diligence, and the expected evidence would be cumulative only of that which had been given on the trial, the judge considered that it furnished no good reason for the new trial. State vs. Young, 34 Ann. 346; State vs. Washington, 36 Ann. 341; State vs. Cotten, id. 980.

The evidence sought from the witnesses, Primaux and Patin, is, in no sense, newly-discovered, the object being to prove by them that defendants had made certain statements before a jury of which these parties were members. How could defendants have been ignorant of statements made by themselves before a jury, or of the

fact that the members of that jury heard and knew what those state-
ments were, or of the fact exposed by the open records of the Court
that Patin and Primaux were members of that jury ?

We find no error.

Judgment affirmed.