State vs. Peterson.

## No. 10,249.

### THE STATE OF LOUISIANA VS. BORÉE PETERSON.

| 41 | 85 |
| d111 | 964 |

1. In case the record shows that the prisoner was brought to the bar of the court when the trial commenced and that the trial was concluded at the same continuous sitting of the court, and without there having been any intervening adjournment held, the presence of the prisoner throughout the entire proceedings must be presumed.

2. During the progress of the trial of the accused for murder. it is permissible for the State's counsel to so amend the indictment as to alter the given name of the *deceased*, or his initials, and conform it to the proven facts in the case. This was a matter of form, and not of the essence of the crime charged.

3. The counsel for the accused requested the judge to charge the jury that "in order to "excuse a homicide on the ground of self-defense, it is not necessary that there should be " *actual and impending* danger; that the true test is whether the defendant, at the time of " the act, honestly believed, etc.—had reasonable grounds to believe that he was in imme- " diate danger of loss of life, or of the infliction of great bodily harm, and that he had " no other apparent means of escape."

The judge declined to thus charge the jury, on the ground that, under the law, an actual assault or demonstration must be shown; but that, in other respects, the requested charge was correct, substantially. Held: there is no substantial difference between the charge requested and the one that was given; and that the opinion of this Court in *State* vs. *Chandler*. 5 Ann. 487, contains the law of self-defense as administerd in the courts of this State.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Lewis*, J.

*Walter H. Rogers* Attorney General, for the State, Appellee.

*Henry L. Garland, W. C. Perrault* and *E. P. Veazie* for Defendant and Appellant:

1. Indictment, charging accused with murder of one R. C. Miller. cannot be amended so as to read Harry R. Miller, without proof of identity of person. The amendment is one of substance. This case is assimilated to a case of rape, where it must be proved that one actually raped was one mentioned in indictment. Accused has the right to be informed of nature and cause of accusation. Wharton on Homicide. par. 749; Wharton's Crim. Evidence, 9th Ed., § 94; Wharton Crim. Practice and Pleading, 8th Ed., § 116; Voorhies' Crim. Jur., p. 382; State vs. Morgan, 35 Ann. 1139.

2. Under our law, actual asssult not necessary to justify killing in self-defence. True test is, whether defendant, at time of killing, honestly believed and had ground to believe, that he was in imminent danger of loss of life or infliction of great bodily harm. Knobloch's Criminal Digest, p. 142, and cases cited; 14 Ann. 557, Mullen's case; State vs. St. Geme, 31 Ann.; 5 Ann. 489; 35 Ann. 970.

### ASSIGNMENT OF ERROR.

Record must show affimatively that the prisoner was present in open court when verdict was rendered. State vs. Ford, 300 Ann. 311; State vs. Outs, 30 Ann. 1156; State vs. Byrd, Manning's Unrep'd Cases, 303; State vs. Davenport, 33 Ann. 231; State vs. Johnson. 35 Ann. 208; Wharton's Crim. Practice and Pleading, 8th ed., §§ 549, 741 and 871; Bishop's Crim. Practice, § 272; Proffat's Jury Trial, § 454.

The opinion of the Court was delivered by

WATKINS, J.    From an unqualified conviction of murder, the defendant appeals, and, for relief at our hands, he relies upon an assignment of error, and two bills of exception.

### I.

Pretermitting any expression of opinion with regard to the *timeliness* of the filing of the assignment of error, we think the point of objection urged is fairly met and answered by our ruling in State vs. May Ford, 38 Ann. 797, in which we said:

"All of these proceedings were had upon one and the same day, and without any adjournment of the court. The prisoner was present in open court when the trial commenced, and must have been at the close, when the verdict was rendered. The repitition of that recital in the minutes would have been unneccessary. Had there been an adjournment of the court after the jury had retired, or had the verdict been rendered on a subsequent day, that recital in the minutes would have been necessary, and its omission fatal."

The error assigned is that the minutes do not show that the prisoner was present when the verdict was rendered. The record shows that the prisoner was present when the trial began, and that the trial was concluded at one sitting of the court, and without there being any intervening adjournment. His presence throughout the proceedings must be presumed.

This objection was not well taken.

### II.

During the progress of the trial, the District Attorney offered to amend the indictment by changing the *Christian* name of the deceased from R. C. Miller to Harry C. Miller, and the defendant's counsel objected and excepted on the ground that said amendment could not be thus made without proof of the identity of the person. The Judge correctly overruled the objection, for the reason, he assigned, "that it was shown to the satisfaction of the court that R. C. Miller and Harry C. Miller were one and the same person."

The purpose of the amendment was not to substitute the name of *another person*, but to *correct the Christian name* of the person killed. This was admissible under R. S. 1047; 35 Ann. 1139; State vs. Morgan, 39 Ann. 224, 234.

### III.

The defendant excepted to the refusal of the Judge to charge the jury that "in order to excuse a homicide on the ground of self-defense, it is

not necessary that there should be actual and impending danger. The true test is whether the defendant, at the time of the act, honestly believed, etc.—had *reasonable grounds to believe* that he was in immediate danger of loss of life, or of the infliction of great bodily harm, and that he had no other apparent and safe means of escape." The Judge declined to give this charge on the ground that under our law an actual assault or demonstration must be shown; but he stated to the jury that the charge, as requested, was, in other respects, correct.

It occurs to us that there is but little difference between the charge requested and the opinion entertained by the Judge; for it is difficult to perceive how an accused could have "*reasonable* grounds to believe that he was in *immediate* danger of loss of life, or of the infliction of great bodily harm," if no actual assault had been made upon him, and no demonstration of hostility had been exhibited.

In Chandler's case, our predecessors said: "If there be an actual, physical attack of such a nature as to afford reasonable ground to believe that the design is to destroy life, or commit a felony upon the person assaulted, the killing of the assailant will be excusable homicide in self-defense." State vs. Chandler, 5 Ann. 489.

This is the doctrine of the Selfridge case, as applied in this State, and that doctrine has been followed, substantially, in numerous cases since. State vs. Berkley, 6 Ann. 554; State vs. Jackson, 33 Ann. 1087; State vs. Labuzan, 37 Ann. 489; State vs. Chopin, 10 Ann. 458; State vs. King, 22 Ann. 454.

Evidently the charge, as requested, was somewhat misleading, and the instructions given to the jury were in substantial conformity to law, and the Judge committed no error.

Judgment affirmed.