State vs. Chambers et al.

44    603
116   33
116   528

### No. 11,021.

THE STATE OF LOUISIANA VS. LEWIS CHAMBERS, LOUIS MICHEL AND PAUL CORNIER.

Continuances are largely within the discretion of the trial judge and his rulings in matters of this kind will not be disturbed unless manifestly erroneous.

It is error for a district judge to grant an order in chambers, out of the presence of the accused, for the sheriff to take him to another parish, to be present at the taking of the deposition to be used in the trial against him of a witness who is physically unable to attend the session of the court. Such an order violates Article 8 of the Constitution, which contemplates a public trial, in the course of which the accused has the right to be confronted with witnesses against him.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Mouton, J.*

*W. H. Rogers*, Attorney General, for the State, Appellee.

*Edward Simon* for Defendants and Appellants.

The opinion of the court was delivered by

McENERY, J. The accused were indicted for and convicted of murder, without capital punishment. A new trial was granted to Lewis Chambers. The defendant, Michel, was sentenced in accordance with the verdict, and has appealed.

There are two bills of exception in the record.

1. The first is to the refusal of the trial judge to grant a continuance

As repeatedly stated by this court, the matters of continuance are largely within the discretion of the trial judge, and the discretion vested in him will not be disturbed unless it is manifestly erroneous and arbitrary. The record does not show that this discretion has been abused by the trial judge in refusing a continuance to the defendant.

2. The second bill is to an order granted by the district judge to take the testimony of a witness who was sick in the parish of Iberia, and unable to be present at the trial and testify in the case.

The district attorney presented a petition to the district judge, alleging that the witness was sick, " at the point of death, and would be unable to attend court and give her evidence."

It is stated by him in the petition that he visited the sick witness; found her in such a condition that she " would be unable to attend and obey the summons of this court," which had been duly served on her; and the materiality of her evidence is stated at length.

He " moved and prayed that your honor grant an order, directed to the sheriff of St. Martin, commanding him to take charge of and convey to the residence of Marie Abrams the accused, so that the district attorney may, in their presence, take the depositions and answers of the said Marie Abrams, under oath, to be used in evidence on the trial of this case, fixed for Tuesday the 16th February, 1892."

The district judge granted the prayer of the district attorney in the following order:

" The foregoing petition considered, it is ordered that the sheriff of this parish forthwith take and convey to the residence of Marie Abrams, in Iberia parish, the accused, Chambers and Michel; that the State attorney and the attorney for the defendant be notified of this, and requested to attend the examination of said Marie Abrams as a State witness in this case, before some justice of the peace; the deposition and testimony of said witness to be used on the trial of said cause now fixed for the 16th inst."

The order was granted in chambers, out of the presence of the accused. There is no provision made by the laws of this State for the taking of the deposition of a witness for the State in a criminal proceeding.

The order rendered by the trial judge, the taking of the deposition of the witness, and its use in the trial of the accused, violate Art. 8 of the Constitution of the State, which contemplates a public trial or preliminary examination, in the course of which the accused has the right to be confronted with the witnesses against him.

The evidence against the accused must be delivered personally and orally before the jury who are to pronounce him guilty or not guilty. 1 Bishop Crim. Pro., par. 1194.

It is therefore ordered, adjudged and decreed that the verdict and judgment appealed from be set aside, annulled and reversed, and the case be remanded to be proceeded with according to law, and the views herein expressed.