State vs. Bevell et al.

## No. 11,650.

### THE STATE VS. R. D. BEVELL ET AL.

The court will not dismiss an appeal in a criminal case, the accused represented only by counsel assigned by the lower court, merely because of the delay of the clerk in forwarding the record, it being his duty to prepare and transmit to this court the record of appeal. Act No. 30 of 1878.

This court affirms the weight due to the rulings of the trial judge on application for continuance, and that such rulings will not be disturbed unless manifestly erroneous. 33 An. 1112; 33 An. 681; 37 An. 786.

APPEAL from the Fifth District Court, Parish of Ouachita. H. H. Russell, J. ad hoc.

M. J. Cunningham, Attorney General, and J. P. Madison, District Attorney, for Plaintiff and Appellee.

Newton & Madison for Defendant and Appellant.

The opinion of the court was delivered by

MILLER, J. Defendants, convicted of larceny and sentenced, were allowed an appeal on the 18th of October, 1894, to this court. The appeal was not filed within the time required by law. On that ground there is a motion to dismiss.

Under the law it is the duty of the clerk of the District Court to forward promptly to this court the record of appeal. We are reluctant to dismiss an appeal in a criminal case because of the failure of the clerk to send up the record on the return day. The record was filed here on the 17th of November. We do not say that the neglect to file the record may not, under some circumstances, be a cause for dismissal. But under the facts in this case we do not think the appeal should be dismissed. The accused had no counsel, and was represented by attorneys assigned by the court. It was the inadvertence of the clerk that caused the delay in making and bringing up the record, and we are constrained to say it was very imperfect when filed. We have, therefore, examined the exceptions that were reserved. Act No. 30 of 1878.

The error assigned in the bill is the refusal of the lower court to grant a continuance on the grounds of absent witnesses and the want of time for preparation of counsel. Necessarily, applications for

continuance are addressed largely to the discretion of the trial judge, and his rulings on the subject will not be disturbed unless manifestly erroneous.   State vs. Hornsby, 33 An. 1112; State vs. Fulford, 33 An. 681; State vs. George, 37 An. 786.   We are informed by the statement of the judge to the bill that the accused, for two months confined, thus had abundant time to secure counsel; that called for trial, the counsel expected to appear did not, because accused had not paid or arranged for the fee; thereupon the court assigned counsel, who asked a continuance for want of preparation, and on the affidavit of an absent witness the court allowed the case to go over from Tuesday to Thursday.   The counsel appointed then asked a continuance, assigning deficient time for preparation, and renewing, as a ground, the absence of the witness named in the first affidavit, supplemented by the names of two others.   The State offered to prove that the witness first named would swear to the state of facts disclosed in the first affidavit.   Act No. 84 of 1894. In this state of facts the court ruled that the case should be tried, and we affirm his ruling.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed, with costs.