The opinion of the court was delivered by
Nicholls, C. J.
Defendant, indicted for having, with a dangerous* weapon, to-wit, a pistol, commonly called a revolver, wilfully, feloniously and of malice aforethought, shot one Charles Duval, with intent to kill and murder, requested on the trial of the cause that the court instruct the jury that it could, under the indictment, find the defendant “ guilty of assault and battery,” or “ guilty of an assault.” The court refused to so instruct the jury and, defendant excepted and reserved a bill of exceptions. The jury found the-accused “ guilty of shooting with intent to kill.” On appeal defendant assigns the action of the District Court as error and asks that the verdict and sentence be set aside.
The Attorney General contends that the accused was not prejudiced by the ruling. He says: “ The indictment charged shooting, with intent to kill and murder. The verdict was ‘guilty of shooting with intent to kill.’ Taking the indictment and the verdict and construing them together, we are led irresistibly to the conclusion that the defendant was not affected by the refusal of the judge tO' grant the requested charges.”
We understand the argument to be that the jury having, in point of fact, with the whole evidence before them, found the accused guilty of shooting with intent to kill, we are bound to presume that their verdict is justified by the law and the evidence, and therefore we must assume, even .had the requested charge been given, it would have and could have brought about legally no change in the-result. We understand it to be argued that even were the particu *1069 lar verdicts asked for legally possible under some special state of facts, yet they were not possible under the actual facts of the case before the court, as is demonstrated by the verdict found. Therefore, even if there were error in refusing to inform the jury that a. verdict of guilty of assault and battery or one of guilty of assault ■could be returned under an indictment of shooting with a dangerous weapon with intent to kill and murder, we would have before us a ■ease of error without injury.
It is intimated that the verdict actually brought in is utterly irreconcilable with the idea that a mere knowledge on the part of the jury that under an indictment of “ shooting with intent to kill and murder ” a verdict could be brought in of “ guilty of an assault,” or * guilty of assault and battery,” could or would have changed the situation. That to assume otherwise would be to assume that the jury had improperly, in order not to acquit the accused, been willing to punish the accused, and to bring in a verdict not justified by the law and the evidence, and this we can not do. We do not know what effect the refusal to charge may have had upon the jury, or what verdict the jury would have rendered had the requested charge been given. It may be that a verdict other than the one actually rendered would have been contrary to the law and the evidence, and the accused would have been called to receive a lighter punishment than he deserved under the law and the evidence, but had such a verdict been returned we would have been forced to accept it as correct. We are of the opinion that if the accused had the legal right to claim that the court should have charged as he requested, the mere fact that through that charge the jury might have been induced to unwarrantably and unjustifiably return a lighter verdict than the evidence would have justified would not warrant us in denying him the right of having the charge given, let the result before the jury be what it might.
We are called on, therefore, to examine whether the court was justified in refusing to give the charges asked. No reasons are assigned for the refusal.
Our attention is called by defendant to State vs. Ford, 80 An. 313. Cheep Justice Manning in that case said arguendo that ‘'upon an indictment for an assault with a dangerous weapon or with intent to kill there may be a conviction for an assault. The reason is that these offences belong to the same class; the same kind of evidence *1070 is applicable to the one as to the other. They differ in degree and not in kind. If the evidence is insufficient to warrant a conviction for the offence of greater magnitude it may support a conviction for that of lesser magnitude, and judgment upon such a verdict has long been allowed under the modern criminal law.”
In State vs. Price, 45 An. 1431, defendant was prosecuted for the “ crime of striking a person with a dangerous weapon, to-wit: a club, while lying in wait with intent to kill and murder.” Accused asked the judge to charge, among other requested charges, that a verdict might be found under Sec. 796 of the Revised Statutes. Section 796 declared “that whoever shall be guilty of assaulting and beating, wounding short of maiming, or of falsely imprisoning any person, shall, on conviction thereof, suffer a fine or imprisonment, or both, at the discretion of the court.” The District Oourt refused this charge, and on this point this court said: “As to Sec. 796 the indictment includes and sufficiently charges an assault and battery, and the defendant was entitled to have the jury charged that they could return a verdict under that section.”
In Bishop’s Criminal Law, Vol. 1, par. 895, we find it laid down as supported by authority that “ one under an indictment for an assault with an intent to commit murder may be convicted of a simple assault or a compound assault of a less degree than that alleged.”
In Bryant vs. State, 41 Ark. 359, it was held that under an indictment for an assault with a deadly weapon with intent to commit upon the person of another a bodily injury, etc., the accused might be convicted of a-simple assault.
In the American and English Encyclopedia of Law, verbo “Assault,” p. 782 (Note), we find that “ on an indictment for an assault occasioning actual bodily harm and charging in other counts an unlawful wounding and the infliction of grievous bodily harm, a conviction may be had for a common assault. R. vs. Yeadon, 1 L. & C. 85.” “And this, notwithstanding the word ‘ assault ’ does not occur in the indictment. “ R. vs. Taylor, L. R. 1, C. C. 194; 38 L. J. M. C. 106.”
In the case at bar the word “ assault ” does not “ occur ” but the word “ shoot” does. Had the accused been found guilty of shooting a particular person with a dangerous weapon, a pistol, commonly called a revolver, with intent to kill and murder him, there would have been embodied in that conviction a finding that he had been *1071 guilty of “an assault,” and also guilty of “an assault and battery,” for a battery is not necessarily a forcible striking with the hand or stick or the like, but includes every touching or laying hold (however trifling) of another person or his clothes in an angr/, revengeful, rude, insolent or hostile manner. A man, for instance, throwing a bottle or a stone at another, and hitting him, is guilty of battery. (Am. and English Encyclopedia of Law, verbo “Battery,” p. 783); Hill vs. State, 63 Georgia, 578.
The defendant’s contention is that if this be the case then it follows (under the doctrine laid down in the law writers) that “where one is indicted for any offence he may be convicted of one of less magnitude, provided it be of the generic class,” that the District Court erred in not charging as requested.
This does not necessarily follow, for in dealing with this question we have to keep steadily in view the precise indictment under which the accused was charged; the specific crime which was set out, and the language in which the charge was couched. If the indictment be for a statutory crime, the essential element of which consists, under the terms of the statute, in doing an injury in a particular way, that essential fact will have to be found necessarily present in any verdict which the ‘jury may return for a subordinate or minor crime under the indictment, in order to justify the verdict. Section 791 of the Revised Statutes declares that “ whoever shall shoot, stab or thrust any person with a dangerous weapon, with intent to commit murder, shall, on conviction, suffer imprisonment at hard labor or otherwise for not less than one nor more than twenty-one years.”
Now a person may either “shoot” another with a dangerous weapon, with intent to murder, or, he may “ stab” him with a dangerous weapon with intent to murder, or he may “thrust” him with a dangerous weapon with intent to murder. If he “shoots” a person with a dangerous weapon with intent to murder and an indictment were brought against him, so laying the crime, evidence would not be allowable on the trial to show that the party accused had “stabbed” aperson with a dangerous weapon, or that he.had “thrust” a person with a dangerous weapon with intent to murder. The District Attorney would have to make his proof conform to the allegations. The question of “ shooting,” of “ stabbing ” or of “ thrusting ” would not be here “ mere matter of evidence ” going only to show the par *1072 tieular manner in which the injury was brought about, or giving details of the same to the jury, but they would be questions entering into the very essence under the statute of the crime charged, and a failure by the State to prove the fact of “shooting” or “ shooting at” (if the charge was “shooting”) or “stabbing” (if it was “stabbing”), or “thrusting” (if it was “ thrusting”), would be fatal to the- prosecution. A verdict of guilty of “assault,” or guilty of “ assault and battery ” under an indictment for “shooting a person with a dangerous weapon with intent to murder,” under evidence that the person charged had struck another with a stick, would be clearly illegal, and if such a verdict under such circumstances would be illegal the possibility of such a verdict having been rendered under such circumstances would make such a verdict an improper one.
If we had a statute making the “shooting” of a person by another with a dangerous weapon without further details a crime, and one making the “ shooting at ” one person by another with a dangerous weapon, a crime without further details, the “ shooting ” of the person would be unquestionably án “ assault and battery ” and the “ shooting at,” an assault, and a jury would, under an indictment of “ shooting with a dangerous weapon with intent to murder ” be permitted to find a verdict of “ shooting with a dangerous weapon,” which would be an “ assault and battery ” or “shooting at” with a dangerous weapon, which would be an “assault,” but it would not be permitted to return a general verdict of “ guilty of an assault and battery,”, or “ guilty of an assault,” for the verdict would then enter into the regions of uncertainty as to what the “ assault and battery ” or the “ assault ” consisted in, and whether the accused was guilty of the specific crime charged or any of the specific minor offences under it which would be justifiable under the law.
The views we here express are, substantially those announced in State vs. Murdock, 35 An. 729, and State vs. Pratt, 10 An. 191. We .are of the opinion that the court properly refused to give the charges asked.
The judgment being, in our opinion, correct, it is hereby affirmed.