PROVOSTY, J.
Defendant was indicted and convicted on the charge of assaulting another by willfully shooting at him, under section 792 of the Revised Statutes of 1870, as amended by Act No. 59, p. 93, of 1896, and he appeals.
Bill of exceptions No. 1:
“Be it remembered that on the trial hereof that the indictment herein was against-Matthews; that when the jury was in the box the district attorney offered to file an amendment to the indictment by inserting the name ‘Frank,’ to which counsel for defendant objected, for the reason that it came too late, and had not been served on the accused, which objection having been overruled by the court, counsel for defendant excepted, and tender this, their bill of exception.
“By the Court: The jury had not been impaneled, but the jurors were being called to the box for examination on their voir dire, when the district attorney discovered that the given name (‘Frank’)of the defendant had been omitted, through oversight, from the body of the indictment, although it was properly indorsed on the back thereof. The case had been entered on the minutes as ‘State vs. Frank Matthews.’ The defendant was arraigned as Frank Matthews, and pleaded to the indictment as Shank Matthews, without any objection being urged. Service of the indictment, with the indorsement of the title thereon, had been made as required by law.
“The court did not consider that any prejudice had resulted to the defendant by reason of the omission, or could result by the state supplying it; and, moreover, it appears that the amendment supplying the given name of the defendant was seasonably filed. The defendant made no application for delay or postponement on account of the above charge, but proceeded to trial without objection, other than that the amendment came too late, and that he was entitied to the service of the indictment as amended.”
The ruling was correct. It was not a case of naming the wrong person, but of imperfectly giving the name of the right person. The eases of State v. Morgan, 35 La. Ann. 1140, State v. Hanks, 39 La. Ann. 235, 1 South. 458, State v. Peterson, 41 La. Ann. 85, 6 South. 527, and State v. Turner, 25 La. Ann. 575, are therefore not in point. The correction was properly ordered to be made, under Rev. St. § 1047.
A second bill is as follows: “Be it remembered that on the trial hereof that counsel for defendant asked the court to make the following special charge: That the jury could render the following verdict: (1) Guilty as charged; (2) guilty of assault with a dangerous weapon; (3) assault; (4) not guilty. Which special charge the court refused to give to the jury, to which the counsel for defendant excepted, and reserves this bill of exceptions.
“By the Court: The court had charged, after having explained the nature of the offense, as well as the offense of assault with a dangerous weapon, and the requirements as to proof necessary to sustain a conviction for either, that the jury could return either one of the following verdicts: (1) Guilty as charged; (2) guilty of an assault with a dangerous weapon; (3) not guilty.”
This charge should have been given, and the withholding of it was reversible error.
The Attorney General argues that the error, if error there was, is not good ground for reversal, because it was harmless; that no possible injury can have resulted to the defendant, since the verdict of the jury indicates to a certainty that, even if the requested charge had been given, the additional possible verdict would not have been found; that the jury found the defendant guilty as charged, thereby practically refusing to find for the less offense of assault with a dangerous weapon, as, under the charge as given, they could have done; and that a fortiori they would not have found for the still less offense of mere assault, even if advised of their right so to do.
This argument does not take into consideration the possibility of the facts having *965 been such as not to justify a verdict of assault with a dangerous weapon, and yet to justify a verdict of mere assault—as, for instance, if the shooting at had been done with a blank cartridge. See State v. Robertson, 48 La. Ann. 1067, 20 South. 296.
It is suggested, however, that the judge a quo was right in refusing to give the charge, inasmuch as a verdict for mere assault cannot be found under an indictment for willfully shooting at; and in support of this the same Robertson Oase is cited. There can be no doubt that under an indictment charging assault in a particular manner, as by willfully shooting at, a verdict for mere assault may be found, if the facts justify it. Where crimes are of the same generic class, the greater includes the less, and the less may be found under a charge for the greater. This has been well-settled doctrine from the beginnings of out jurisprudence. Assault by willfully shooting at is punishable by a heavier penalty, and is, in consequence, the greater crime. That the two crimes are of the same generic class is plain. Assault is the genus. Assault by willfully shooting at is the species. To say that the less cannot be found, because the two crimes are statutory, is to deny the applicability of the doctrine in our law, for, under our law, nothing is a crime which is not expressly made so by statute; and hence all our crimes are statutory, and there is not such a thing in our law as a crime not statutory. This is so well recognized that citation of authority is not necessary in support of it. If, therefore, this Robertson Oase holds that a verdict for the less statutory crime cannot be found under an indictment for the greater statutory crime of the same generic class, it is in that respect overruled.
Judgment set aside, and case remanded for further trial.
NIOHOLLS, C. J., dissents.