(40 South. 521.)

No. 15,814.

STATE v. JOHNSON et al.

(Jan. 29, 1906.)

1. INDICTMENT—AMENDMENT.

Just before beginning with the trial, the court may authorize the district attorney to substitute the proper name of the person who was wounded, for the infliction of which the defendant is prosecuted.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Indictment and Information, § 514.]

2. CRIMINAL LAW—APPEAL—CONTINUANCE.

The court's refusal to continue a case will not be overruled, unless it operate injustice.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Criminal Law, § 3045.]

3. WITNESSES—RECALLING.

After examination and re-examination, a witness may be recalled in a criminal case. State v. Scott, 24 La. Ann. 161; State v. Baker, 30 La. Ann. 1134; State v. Coleman, 27 La. Ann. 691; State v. Rose, 33 La. Ann. 932.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 899.]

4. CRIMINAL LAW—INSTRUCTIONS.

The trial judge properly declined to instruct the jury that they could find the defendant guilty of a less offense than that which he was charged to have committed. There was no evidence to justify the finding.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, § 1985.]

*Provosty, J., dissenting.*

(Syllabus by the Court.)

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; Charles Vernon Porter, Judge.

Dave Johnson was convicted of stabbing with intent to kill, and appeals. Affirmed.

Breazeale & Breazeale, for appellant. Walter Guion, Atty. Gen., William Augustus Wilkinson, Dist. Atty. (Lewis Guion, of counsel), for the State.

BREAUX, C. J. The defendants, Sapp and Dave Johnson, were indicted on the 9th day of June, for stabbing and cutting Reins Centel with a razor, on the 1st day of March of the same year, with intent to murder. They were brought into court on the 19th day of July, 1905; and the district attorney moved to amend the indictment by substituting the name of "Remus Ducantel" for the name of "Reins Centel," the man who had been wounded. The counsel for defendant objected to the amendment. Their objection was overruled.

They reserved a bill of exception. The counsel then moved for a continuance, averring that they were not ready to answer to the indictment as amended. This motion was overruled. They then moved for a continuance for Dave Johnson, averring absence of a witness. This motion also was overruled, and the case was proceeded with.

The jury found the prisoner Dave Johnson guilty of cutting with intent to kill, and Sapp Johnson not guilty.

Dave Johnson moved for a new trial, alleging that the court erred in refusing to charge the jury that they could bring in a verdict for simple assault, assault and battery, and assault with a dangerous weapon.

The defendant Dave Johnson was sentenced to serve at hard labor in the state penitentiary for the period of one year. He appeals.

### Amendment.

Here the first complaint is directed to the amendment allowed by substituting one name for another. The ground of the objection was that the amendment was one of substance and not of form.

There is no question but that Reins Centel was the same person as Remus Ducantel. No other person was meant, and no other person was ever known by either name. His identity was known as the person for whose wounds defendants were called upon to answer.

The amendment was allowed, under Rev. St. § 1047.

This point is not before the court for the first time. In one of the reported cases, a man by the name of Miller had been killed. There are many Millers. The family name would scarcely identify a particular Miller. The surname was necessary to identify one of the many of the name. In the indictment the initials of the surname were put down as R. C. During the progress of the trial, on motion of the district attorney, the name was changed from R. C. to Harry C. Miller. The court, against objection, ruled that, in view of the fact that the indictment (as in the case before us for decision) was not to substitute the name of another person, but to correct the Christian name of the person killed, the amendment was admissible; citing State v. Morgan, 35 La. Ann. 1139, and State v. Hanks, 39 La. Ann. 234, 1 South. 458.

There was no attempt in the pending case to do, as was done in State v. Morgan, 35 La. Ann. 1139, "substitute a name of a different person."

To leave this point, we will state that two names were used—one correct, and the other incorrect. The correct name was inserted in the indictment by amendment.

Here the crime charged was not affected by the change of name. The trial judge is authorized to allow an amendment, when he is satisfied that the amendment will not be prejudicial to the defense. 39 La. Ann. 235, 1 South. 458.

### Motions for Continuance Properly Overruled.

After the amendment had been made as before mentioned, a continuance applied for was not granted. The court, in answer to defendant's complaint on this score, said that there was no conceivable good reason for a continuance.

Immediately after the court had refused a continuance on the foregoing mentioned

grounds, the defense filed a motion for a continuance on the part of Dave Johnson on account of an absent witness. An affidavit was taken by defendants in support of their motion, in which they swore that the amendment had changed the issues; moreover, that one of their witnesses was absent. They asked for a continuance. It was refused.

The court stated that the witnesses for defendants had been called and answered, except one, who lived in an adjacent parish. The record does not disclose what facts the defense intended to prove by this witness, nor the character and materiality of his testimony.

In regard to this second motion, which was overruled, as it was in regard to the first, which was also overruled, the court's action, unless it works injustice, should not be disturbed. This is held in repeated decisions, to wit: State v. Chambers, 44 La. Ann. 603, 10 South. 886; State v. Bevell, 47 La. Ann. 48, 16 South. 568; State v. Gaubert, 49 La. Ann. 1692, 22 South. 930; State v. Perry, 51 La. Ann. 1074, 25 South. 944; State v. Duffy, 39 La. Ann. 419, 2 South. 184; State v. Kane and Hunter, 36 La. Ann. 153; State v. Clark, 37 La. Ann. 128; State v. Primeaux, 39 La. Ann. 673, 2 South. 423; State v. Mansfield, 52 La. Ann. 1355, 27 South. 887; State v. McCarthy, 44 La. Ann. 323, 10 South. 673.

We take it that the facts mentioned in the court's narrative, touching the reasons for refusing a continuance, came timely within the court's attention. And we take it that the testimony given subsequent to the ruling was not the exclusive testimony. It appears, as we infer, that the testimony given subsequently came in as an additional support to the ruling. In any event, the ruling presents no appearance of error needful to be corrected on appeal.

### Rebuttal Testimony.

We will consider as one the several bills of exception taken to the trial judge's ruling

permitting the state, while examining witnesses in rebuttal, to go over grounds gone over by the state in opening in chief.

We agree with learned counsel that the state is required to open the case and introduce its evidence, and that the right to rebut must be limited to rebutting testimony. In other words, that it cannot be the defendant first and the state last.

It is desirable, as contended for by the defense, that rebuttal testimony be restricted to new facts brought forth by defendant. This rule cannot always be enforced with cast-iron inflexibility.

Our learned brother of the district court, in his narrative of the facts touching this point, states, in substance, that if the evidence for the state was true, the prosecuting witness was seeking to serve the cause of peace, while the witnesses for the defendants sought to turn the tables against the peacemaker, and to make him appear as a peace disturber and aggressor, and that under the circumstances he deemed it proper to recall the prosecuting witness in rebuttal to deny or contradict the evidence of defendants' witnesses, and that he (the witness) in thus testifying may have repeated substantially some of the statements in chief.

In our view, the learned judge did not permit the state to go beyond the limits of an examination in rebuttal.

The great object is to bring out the truth. In that view the rule may be relaxed. Jones on Evidence, verbo "Rebuttal."

### The Court's Charge.

Defendant, through counsel, requested the court to charge the jury to return a verdict, first, of guilty; second, assault with a dangerous weapon; third, assault and battery, under section 796, Rev. St.; fourth, simple assault, under section 797, Rev. St.

This request was denied, and defendant reserved a bill.

This requested charge was also referred

to in a motion for a new trial mentioned by us before. The court, in his narrative embodied in the bill, states in substance, to wit: That the evidence justified finding one of the following verdicts, to wit: Guilty, or guilty of cutting with a dangerous weapon with intent to kill. That the testimony of all the witnesses for both the accused and the state showed that the accused inflicted upon the prosecuting witness a ghastly wound with a razor. That the evidence of this witness was directed to the plea of self-defense, and that this was the only point discussed before the jury by counsel for both parties.

In justice to the trial judge, we state the remainder, verbum verbo:

"The statement in the bill that the counsel asked the court to charge the jury that verdicts of assault with a dangerous weapon, assault and battery, and simple assault might be rendered, if the evidence justified, is error. Counsel for the accused claimed that he had a right to such a charge as a matter of law, under the doctrine as to cognate offenses, as announced in State v. Robertson, 48 La. Ann. 1067, 20 South. 296. And the first opinion of the court in State v. Matthews, 111 La. 962, 36 South. 48, followed the law, as I understood it to be interpreted in the case reported in 48 La. Ann. 1067, 20 South. 296, and the opinion on rehearing in the Matthews Case.

"Any one of these three verdicts would have been the finding of the jury on an abstract case, and a violation of their duty to render a verdict according to the law and the evidence."

Questions similar have received consideration at the hands of this court. We have before us a decision in which the court had refused to charge the jury touching all the grades of petty larceny. The court in substance said in that case that, if there is no evidence whatever which can fall under the definition of a very remote lesser crime, the court might refuse to instruct a jury to return a verdict for the lesser crime. State v. Pastor, 111 La. 723, 35 South. 839. In that case, the syllabus covers the point decided. Quoting:

"Nor can the court be required to instruct the jury in matter of law upon a point which does not arise in the case." State v. Powell, 109 La. 727, 33 South. 748.

In State v. Robertson, 48 La. Ann. 1067, 20 South. 296, the court said substantially, as expressed in the syllabus, that the trial judge had properly refused to instruct the jury; that they, the jury, could find the defendant guilty of assault, and assault and battery, on an indictment of shooting with intent to kill and murder; and said that this view found ample support in State v. Murdoch, 35 La. Ann. 729; State v. Pratt, 10 La. Ann. 191.

In a case almost identical with the one here, the court affirmed the Pastor Case, and held in substance that in the absence of all evidence of a minor crime to that charged it was not proper to instruct the jury that they might, none the less, find the accused guilty of the minor offense. State v. Matthews, 111 La. 966, 36 South. 48.

Nothing before us suggests that there was error in the court's statement in regard to the testimony of witnesses, as stated by the court, or in regard to the argument of counsel. Nor is there anything suggesting that the evidence did not justify the instruction.

We do not go further than to hold that instruction of a lower grade of crime is necessary only where there is some evidence of a lower crime committed.

It is therefore, ordered, adjudged, and decreed that the judgment appealed from is affirmed.

PROVOSTY, J., dissents.