O’NIELL, O. J.
 

 Appellant was convicted of embezzlement of public funds intrusted to him as superintendent of schools for the parish of St. Helena, and was sentenced to imprisonment for a year in the penitentiary. There are eighteen bills of exception in the-record.
 

 Bill No. 1 was reserved to the court’s, overruling a challenge of a tales juror, for cause. There is no merit in the bill, because,, after the challenge for cause’was overruled,.
 
 *689
 
 the defendant’s attorneys challenged the juror peremptorilj', and the peremptory challenges allowed the defendant were not all used in the impaneling of the jury.
 

 Bills Nos. 2, 3, 4 and 5 present the question of validity of the indictment, which was as follows:
 

 “That one Charles W. Price, * * * being then and there superintendent of public education of the parish of St. Helena, state of Louisiana, a public officer, and having the disbursement of funds of the board of school directors (school board) of the parish of St. Helena, state of Louisiana, intrusted to him, did wrongfully and feloniously convert to his own use, dispose of, conceal and otherwise embezzle the sum of nine hundred and seven dollars, lawful money of the United States, being public funds and belonging to the parish of St. Helena.”
 

 At the beginning of the trial, the defendant’s attorneys objected to the offering of any evidence, contending that the bill of indictment was defective and invalid in several particulars, viz. (1) that the title of the parish school board, according to the statute (section 17 of Act No. 100 of 1922), was “St. Helena parish school board,” not “board of school directors (school board) of the parish of St. Helena,” as stated in the indictment; (2) that the parish superintendent of schools did not have the disbursement of the school funds intrusted to him in his capacity as superintendent, as alleged in the indictment, but had the funds intrusted to him as treasurer, ex officio, under the statute (section 51 of Act No. 100 of 1922); and (3) .that it was charged in the indictment that the funds alleged to have been embezzled were the funds of the school board, and was charged also that the funds belonged to the parish.
 

 The indictment was not invalid for any of the causes stated. It is true that the title of the parish school board, according to the statute, is St. Helena parish school board. Section 17 of Act No. 100 of 1922, p. 208. Under previous statutes the board was styled board of directors of the public schools of the parish of St. Helena. See section 6 of Act No. 214 of 1912, p. 466. The parish school boards are declared to be bodies corporate, with power
 
 to sue,
 
 and subject to being sued in their corporate name. The name of the board, though not stated accurately in the indictment in this case, was stated so plainly as to.leave no doubt about the identity of the board whose funds were alleged to have been embezzled. That is all that was necessary. In an indictment for embezzlement, an error in stating the name of the owner of the property or funds alleged to have been embezzled is not serious, if the name or description of the owner, as given in the indictment, leaves no doubt about the identity of the owner. State v. Hanks, 39 La. Ann. 234, 1 So. 458. The indictment in this case might have been amended, without any formality or delay, so as to state the name of the school board precisely, according to the statute, when the objection was made and the error pointed out. Rev. Stat. § 1047; State v. Holmes, 23 La. Ann. 604; State v. Christian, 30 La. Ann. 367; State v. Hanks, 39 La. Ann. 234, 1 So. 458; State v. Dominique, 39 La. Ann. 323, 1 So. 665. But it was not necessary to amend the indictment in that respect, because the name and description of the board, as given in the indictment, was as plain and free from doubt or 'misunderstanding as if it had been given in the language of the statute. It is not contended, and could not be contended reasonably, that the defendant was not well informed in that respect. The same may be said of the allegation that the funds belonged to the parish of St. Helena, which allegation was superfluous, but not at all misleading,- after it was alleged that the defendant had had' the disbursement of the funds intrusted to him as superintendent of public education of the parish of St. Helena. There is no merit in the argument that the funds alleged to have been embezzled were intrust-
 
 *691
 
 e’d to tlie defendant in his capacity as treasurer of the school funds. Section 51 of the Act No. 100 of 1922 declares that the superintendent of public schools in each parish (except in the parish of Orleans) shall be the treasurer of the school funds. Therefore the allegation that the disbursement of the school funds was intrusted to the defendant as parish superintendent of' schools meant that the funds were intrusted to him under the authority conferred, and the responsibility imposed, upon him by the statute.
 

 Bills Nos. 6, 7, 8, 9, 10,11, 12 and 13 are alike. They were reserved to the overruling of the defendant’s objections to the introduction of various checks or vouchers, ■ which were offered in evidence to prove that there was method or system, and dishonest intent, in the alleged false entries in the defendant’s books. The objection, in each instance, was that the check did not relate to the transactions referred to in the indictment, and was therefore irrelevant to the issues and prejudicial to the defendant. The recitals of the bill of exceptions, in each instance, with the testimony annexed thereto, do not show that the evidence objected to was evidence of an independent transaction, having no relation to the transactions cbmplained of in the indictment. On the contrary, as far as the recitals of the hills of exception go, it appears that the evidence was relevant to the transactions complained of, because it tended to prove a method 'in the alleged false entries.
 

 Bill No. 14 was reserved to the overruling of an objection made by the defendant’s attorneys to a part of the judge’s charge to the jury. The objection was that that part of the judge’s charge was an instruction on a question of fact, not a question of law. The charge had reference to the purport of, and effect to be given to,'a certain resolution of the school board, which had been introduced in evidence. The resolution was adopted in the second month of the defendant’s- term, and allowed him $150 for traveling expenses. He contended that the resolution allowed him $150 for each year of his term of four ye^rs. The district attorney contended that the resolution allowed the defendant his exiienses only for the year in which the resolution was adopted. The copy of the resolution in the record is as follows:
 

 “Whereas it is the desire of the board and of the superintendent to have all schools visited as often as possible by the superintendent; and
 

 “Whereas the hoard feels that such work of the superintendent with the schools and teachers will be of great value to the school system of the parish; therefore:
 

 “Be it resolved that the superintendent be granted the sum of one hundred and fifty dollars for traveling expenses, said sum to be paid from miscellaneous expense account, as per budget.”
 

 Referring to the resolution, the judge instructed the jury as follows:
 

 “I charge you further, gentlemen, that, while, under the law, he [meaning the school superintendent] is entitled to such salary and traveling expenses as may be fixed by the school board, he is not entitled to take funds from the school board account unless the same has beep duly budgeted for and provided for in 'a proper resolution of the board. No public funds can he drawn from the treasury of the school board unless it be done by proper resolution passed by the school board at a meeting regularly and legally held. The mere consent of any. number of the members of the school board for any unlawful use of school funds, even if given by every member of the school board individually, does not make the' withdrawal of that money lawful.
 

 “I charge you further, gentlemen, as a matter of law, that, under the resolution of the school board, offered here, providing for the sum of $150 to be paid to the superintendent out of school funds, that that resolution applied only during the year in which it was passed.”
 

 The last paragraph of the charge was objected to especially because it was an instruction to the jury to construe the resolution, which the defendant had introduced in evidence, as applying only to the year in which the resolution was adopted. What the
 
 *693
 
 judge meant by his instruction was that the school board could not legally authorize an expenditure of funds beyond the year in which it was authorized and budgeted. It does not follow, though, that, if the school board did, by its resolution, allow the superintendent $150 a year for traveling expenses during his four years term of office, he was guilty of embezzlement of the expenditures during the three years subsequent to the year in which the resolution was adopted. If the superintendent was in good faith in having his traveling expenses defrayed in that way, there was no criminal intent on his part, and therefore no embezzlement. The judge should have left it to the jury to decide what the resolution meant, and should have charged them, therefore, that it was for them to decide whether the resolution which the superintendent relied upon applied only to the traveling expenses of the year in which it was adopted, or also to the traveling expenses of the three years subsequent: Our
 

 conclusion is that the error in the judge’s charge was serious enough to compel us to set aside the verdict and sentence and remand the case for a new trial.
 

 Bills Nos. 15 and 16 are alike. They were reserved to the refusal of the judge to deliver a special charge requested by the defendant’s attorneys. The requested charge was that, if the jury should find from the evidence that the defendant offered to pay the amount alleged to have been embezzled, even after he was arrested and imprisoned, it would do away with the idea of a refusal or neglect to pay, as prima facie evidence of guilt. The judge was right in refusing to give the instruction requested, for it was not according to law. A person arrested and imprisoned on a charge of embezzlement cannot, if in default, -absolve himself of guilt by offering to return the money or property embezzled.
 

 Bill No. 17 was reserved to the overruling of a motion for a new trial, on the ground that one of the jurors who had served on the trial was afterwards found to be incompetent. As the question presented is not likely to arise again in the case, and as the verdict and sentence must be set aside for thq reason stated in regard to bill No. 14, it is not necessary to pass upon bill No. 17.
 

 Bill No. 18 was reserved to the overruling of a motion in arrest of judgment, presenting the question of validity of the indictment, for the reasons which we have discussed in disposing of bills Nos. 2, 3, 4 and 5, and for which reasons there is no merit in bill No. 18.
 

 The verdict and sentence are annulled, and the case is ordered remanded to the district court for a new trial.