OVERTON, Justice.
 

 Defendant appeals from a verdict of guilty and a sentence of one year in the penitentiary for wounding less than mayhem. The bill of information, upon which he was tried, reads, as relates to the charge, that defendant “did wilfully and maliciously, with a dangerous weapon, to wit a pistol, inflict a wound less than mayhem upon one B. Bertrand Ivanek.”
 

 The bill charges the offense denounced by Act No. 17 of 1888, amending and re-enacting section 791 of the Revised Statutes. The act reads as follows:
 

 “Whoever shall wilfully and maliciously, with a dangerous weapon, or with intent to kill, inflict a wound less than mayhem upon another person, shall, on conviction, be imprisoned not exceeding two years, with or without hard labor, and fined not exceeding one thousand dollars.”
 

 Defendant relies on two bills of exception for a reversal. One of the bills is to the charge of the trial judge, and the other is to the refusal of the trial judge to grant a new trial.
 

 Considering the first bill, it appears that the judge charged the jury as follows: “Gentlemen, you may render only two verdicts in this case. You may find the defendant, Cornelius Van Zelfden, guilty as charged or you may find him not guilty.” In his brief and in oral argument defendant urges that a verdict of guilty of assault and battery would have been responsive to the indictment, and should have been given, as provided by section 386 of the Code of Criminal Procedure.
 

 There are three articles of the Code of Criminal Procedure, relative to verdicts for offenses of less magnitude included in another charge; one is article 3S6, which reads as follows:
 

 “Whenever the indictment sets out an offense including other offenses of less magnitude or grade, the judge shall charge the jury the law applicable to all offenses of which the accused could be found guilty under the indictment and in all trials for murder the jury shall be instructed that they may find the accused guilty of manslaughter.”
 

 Another of these articles is article 405, which reads as follows:
 

 “The verdict must be responsive to the indictment, that is to say, no one can be found guilty of an offense not charged in the indictment or not necessarily included in the offense charged; and no verdict can be of any effect if found upon an indictment so defective as to charge no crime.”
 

 
 *887
 
 The third article is article 406. This article reads as follows:
 

 “When, the crime charged includes another 'of lesser grade, a verdict of guilty of the lesser crime is responsive to the indictment, and it is of no moment that the greater offense is a felony and the lesser a misdemeanor.”
 

 In support of the proposition that the judge should have charged the jury that they could return a verdict of assault and battery, defendant relies largely upon the case of State v. Foster, 149 La. 521, 89 So. 680. That case, however, does not support defendant’s position. There the accused was charged in one count with assault, which was an offense denounced by section 793 of the Revised Statutes, and with wounding less than mayhem, which is denounced by section 794 of the Revised Statutes, as amended by Act No. 17 of 1888, the charge reading as follows, to wit: That defendants “did wilfully, maliciously, feloniously, and unlawfully make an assault upon one J-oe Cartledge with a dangerous weapon, to wit, a knife, and did then and there inflict a wound less than mayhem upon him, the said Joe Cartledge.” The court held that it was permissible to charge both offenses in one count, and, in effect, that, since thus charging the two made the indictment set out several offenses that are included in the principal offense charged, the judge should have charged the jury that they could return a verdict of guilty of an assault with a dangerpus weapon, of assault and -battery, and of assault, which are offenses of the same genus, denounced by statute. That stress was put upon the fact in that case that an assault was expressly charged is indicated by the court’s citing State v. Taylor, 35 La. Ann. 836, 837, which was a case of wounding less than mayhem, and by expressly referring to the fact that in it, as in the case then under consideration, the indictment expressly charged an assault.
 

 In State v. Foster, 150 La. 971, 91 So. 411, 415, where the charge was shooting with intent to murder, the court, following a number of authorities, held that a verdict of guilty of an assault with a dangerous weapon, or one of assault and battery, or of an assault, would not be responsive to the charge of shooting with intent to murder. The court there had occasion to differentiate State v. -Foster, just considered, from the Foster Case, then before it, and said:
 

 “The court properly refused to give the special charge. The charge given by the court was correct. A verdict of guilty of assault with a dangerous weapon, or one of guilty of assault and.battery, or one of guilty of an assault, would not have been responsive to the charge of shooting with-intent to murder. State v. Benjamin (La. Sup.) 14 So. 71, not reported in State reports; State v. Robertson, 48 La. Ann. 1067, 20 So. 296 ; State v. Bellard, 50 La. Ann. 596, 23 So. 504, 69 Am. St. Rep. 461; State v. Washington, 107 La. 302, 31 So. 638. The case of State v. Foster, 149 La. 521, 89 So. 680, relied upon by defendant, has no application to this case. There, the indictment was framed under section 793 of the Revised Statutes, and under Act 17 of 1888, and charged the defendant with having made an assault upon another with a dangerous weapon, and with having, then and there, inflicted a wound upon him less than mayhem. The court simply held that it was proper to charge the offense of assault with a dangerous weapon denounced by section 793 of the Revised Stat
 
 *889
 
 utes, and wounding one, with a dangerous weapon, less than mayhem, denounced by Act 17 of 1888, in the same count; and as these statutes denounce an assault and an assault with a dangerous weapon, and as, these offenses are included necessarily in the greater one of inflicting with a dangerous weapon, a wound less than mayhem, and as the wounding implies the commission of a battery, which is also included in the greater offense, and as the indictment charged all of these elements, therefore, in addition to the verdicts of guilty as charged and not guilty, verdicts of guilty of an assault, guilty of an assault with a dangerous weapon, and guilty of assault and battery would be responsive to the charge. Whereas, in the case at bar, while the charge of shooting with intent to murder includes an assault and an assault with a dangerous weapon, yet the statute does not expressly denounce an assault, and consequently the indictment does not expressly charge one; and hence, it would foe going too far, as pointed out in the case of the State v. Washington and in that of the State v. Robertson, cited supra, to sanction such verdicts. If the statute read, ‘Whoever shall assault another with a dangerous weapon and shoot him with intent to murder,’ thus expressly denouncing the assault, and the indictment so charged, we doubtless would feel justified in taking a different view, but not otherwise.”
 

 The principles stated in the foregoing excerpt and in the authorities cited therein, to which should be added the more recent case of State v. Smith, 171 La. 452, 457, 458, 131 So. 296, are applicable to the case at bar. An assault is as much included in a charge of shooting, cutting, or striking with intent to murder or to kill as it is in a charge of wounding less than mayhem. No one of these can be committed without an assault, but an assault is not denounced by the statutes making these acts offenses, and therefore an assault is not ordinarily set forth in the indictment in charging these offenses.
 

 The views, expressed in this opinion, in our opinion, are in accord with articles 386, 405, and 406 of the Code of Criminal Procedure. State v. Smith, 171 La. 452, 458, 131 So. 296. They are likewise in accord with section 10 of article 1 of the Constitution, relative to the right of an accused to be informed of the nature of the charge against him. The position taken by defendant is out of harmony with that section.
 

 We may add that the views expressed in this opinion do not militate against the constitutionality of the short form of indictments for certain crimes sanctioned by article 235 of the Code of Criminal Procedure. The theory upon which these forms rest is that by legislative act the mere name of the offense to be charged, or of other words indicated, inserted in the indictment, is given the effect of conveying to the accused all of the essential elements of the offense, as if such elements were expressly set forth therein, reserving to the accused the right to ask for a bill of particulars, should circumstances dictate the propriety of such a course.
 

 The charge of the court was not incorrect, but was the law.
 

 The second bill of exception, which relates only to the overruling of a motion for a new trial, resting upon the ground that the verdict is contrary to the law and the evidence
 
 *891
 
 and upon the ground that the judge erred In his charge, as above stated, presents nothing, as to the first ground, which this court has power to review, and, as to the second ground, the court has considered it.
 

 The judgment is affirmed.
 

 O’NIELL, C. J., and ODOM, J., dissent