State vs. Callegari.

permitted release on bail, had the proof been evident, or the presumption great.

## IX.

## X.

## XI.

## XII.

---

No. 10,353.

### THE STATE OF LOUISIANA VS. F. A. CALLEGARI.

The presence of an accused, in court, is sufficiently shown by a minute entry reading as follows: " In this case, the prisoner, F. A. C., represented by his counsel, Messrs. S. D. and W., and the District Attorney, being all present in open court, the jury come," etc., etc.

State vs. Callegari.

An attempt to impeach the veracity of a witness by proving that he had previously made statements different from the testimony which he gave in the case on trial, must be preceded by proper foundation to put the witness on his guard, and if the statements ascribed to him, had been made in, or reduced to writing, the proper foundation is in the production of the writing itself; otherwise the inquiry must be suppressed.

There is no warrant in law or jurisprudence to justify counsel of an accused to take testimony to disprove statements of facts by the trial judge in a bill of exception.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. *Read*, J.

*Walter H. Rogers*, Attorney General, for the State, Appellee.

*George H. Wells, L. J. Ducoté* and *W. F. Schwing* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Appealing from a life sentence, predicated on a conviction of murder without capital punishment, the defendant submits an assignment of errors and three bills of exceptions.

In the assignment of errors he avers that the record does not show that he was present in court when the jury rendered their verdict in his case.

On that point his counsel argue as follows:

But it will perhaps be contended that the language of the transcript, on page 37, reading as follows:

" In this case the prisoner, F. A. Callegari, represented by his counsel, Messrs. Schwing, Ducoté and Wells, all present in open court, the jury, etc.," implies the presence of the prisoner in court. In answer, we contend that the adjective *all*, in the above sentence, refers not to the prisoner, but to his counsel, Messrs. Schwing, Ducoté and Wells, by whom he was represented.

But counsel's quotation from the record is materially erroneous; the entry is in the following words:

" In this case the prisoner, F. A. Callegari, represented by his counsel, Messrs. Schwing, Ducoté and Wells, *and the District Attorney*, all *being* present in open court, the jury duly impanelled for the trial of the case, come into court and through their foreman render the following verdict:" * * * " The jury is discharged and the prisoner remanded to jail."

( Italics are ours, showing the words omitted in counsel's quotation from the record.) Comment would be superfluous under such a showing.

The correct entry does show the presence of the accused at that stage of his trial, and that he was *remanded* to jail.

## I.

The first bill is leveled at the judge's overruling the following question propounded, on cross-examination, to a leading State witness, who had testified that he had seen the homicide:

"Did you not testify on the preliminary examination of the accused for the murder of Neyland, referring to a conversation between yourself and George Bucher, which occurred in the room where the homicide occurred, that you were expecting a fight with said Bucher, from the way said Bucher talked at the time?"

The testimony which the witness had given at the preliminary examination had been reduced to writing, and is annexed to this bill. But it was not handed, or read to, the witness at the time that the question was put to him, or at any time during his examination and cross-examination.

And that omission is the ground on which the judge rested this ruling. We cannot say that his conclusion was erroneous.

The undoubted purpose of the interrogatory was to impeach the veracity of the witness and to weaken his testimony.

In that line of examination the witness is entitled to be put on his guard touching the previous statement which he has made, and if the statement is contained in writing, the production thereof is the proper foundation for the proposed investigation.

Greenleaf, in his work on evidence, formulates the rule as follows:

"If the witness is asked generally, whether he has made representations, of the particular nature stated to him, the counsel will be required to specify, whether the question refers to representations in writing, or in words alone; and if the former is meant, the inquiry, for the reasons before mentioned, will be suppressed, unless the writing is produced." Greenleaf on Evidence, Sec. 465. See also Pascoe's Criminal Evidence, 8th Edition, page 216.

It appears from the bill, that while counsel was cross-examining the witness, he held the testimony in his hand, and he has failed to adduce any reasons satisfactory to the legal mind, in explanation of his omission or refusal to submit it to the witness for his examination of the statement ascribed to him, as contained in that document.

## II.

The second bill is to the refusal of a new trial prayed for on the ground of newly discovered evidence, which consisted of testimony

going to show that about two hours before the homicide, during a quarrel between the two, the deceased had threatened to break the neck of the accused.

It appears from the bill that at the moment of, or immediately before, the fatal affray, the deceased had made no demonstration indicating a design to do any bodily harm to the accused, but that he was about to begin a dance when he was shot down. Under well settled law, such a showing could not admit of proof of previous threats, either in justification or in mitigation of the act.

And it also appears from the judge's statement in the bill that the newly discovered evidence would at most have amounted to cumulative testimony, as other witnesses had on the trial testified as to hot words and quarrels between the parties.

That circumstance, of itself, was sufficient to justify the ruling of the trial judge on the point. State vs. Fahey, 35 Ann. 12; State vs. Hyland, 36 Ann. 709; State vs. Hanks, 39 Ann. 234.

### III.

In this connection, the last bill discloses the following incident:

After the refusal of a new trial, counsel for the accused proposed to show by testimony that the trial judge was in error in the statement implied in his reasons for refusing a new trial, to the effect that there had been testimony at the trial on the subject of threats made by the deceased against the life of the accused.

The judge very properly suppressed such an investigation which finds no warrant either in law or in jurisprudence.

Until otherwise provided for by legislative authority, this court must be guided by the recitals of the trial judge, as to the nature and scope of the evidence submitted to the jury during the trial, as bearing on motions for new trials predicated on evidence alleged to be newly discovered.

Our conclusion is that none of defendant's complaints are well founded.

Judgment affirmed.