State vs. Veillon.

---

## No. 12,446.

### STATE OF LOUISIANA VS. ARMILLE VEILLON.

The court again affirms that the statement of the judge in signing the bill must prevail when there is a conflict between the statement and the recitals of counsel.

When no subpœna for a witness not served, and no attachment for the absent witness who has been served, are asked by the accused when his case is called for trial, a continuance is properly refused, when at a later period, (in this case the day following that when the case was first called) the continuance is sought on account of the absence of the witnesses.

APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *Dupré, J.*

---

*M. J. Cunningham,* Attorney General, *R. Lee Garland,* District Attorney (*C. W. DuRoy* of Counsel), for Plaintiff, Appellee.

---

*John N. Ogden* and *E. P. Veazie* for Defendant, Appellant.

---

Submitted on briefs April 3, 1897.
Opinion handed down April 12, 1897.
Rehearing refused April 26, 1897.

---

The opinion of the court was delivered by

MILLER, J. The accused, sentenced for larceny, appeals, relying on bills of exception in which he claims he was forced to trial on admissions by the District Attorney under the Act No. 84 of 1894, and denied the benefit of witnesses giving their testimony before the jury.

Of course, we must be governed by the statements of the trial judge when they conflict with the recitals in the bill. The judge states explicitly in signing the fifth bill of exceptions that while the District Attorney did make an admission with reference to the testimony of absent witnesses, the admissions had no influence on his ruling, and the judge assigns other grounds for his ruling.

The first bill was to the refusal of an attachment to secure the presence of an absent witness, the father of the accused. The bill recites the accused was forced to trial on the admission of the State that the witness would give the testimony stated in the affidavit of the accused. The judge assigned other grounds. The second bill is to the refusal of the judge to order a new subpœna for a witness not found on the first summons. The third bill is to the refusal of a continuance on the ground of the absence of three witnesses, and the fourth bill in the order not of time of presentation to the judge, but last in the order of discussion here, is to the refusal to suspend further proceedings in the trial to obtain the presence of the absent witnesses.

The statements by the judge in signing these bills is substantially: the case was fixed and called for trial on the 9th of February, the State then ready, but there was a continuance to the following day to obtain the attendance of defendant's witnesses, it being disclosed that one had been served, but was not present, and the other not served, because of the inability of the sheriff to find him. It appears that on the 9th of February neither a subpœna for the one or an attachment for the other was asked, and in this condition the case was continued to the 10th. On the evening of that day, an attachment for the witness served was asked and allowed, without prejudice to the State, and the trial proceeded; the application for a new subpœna was refused at that stage for a witness known on the day before to have not been served. It seems, too, by the bill that the accused had the benefit of another witness, who testified to the same effect attributed to the absent witness by the affidavit of the accused. It is shown that the trial begun on the 10th, was not concluded until the 11th, at 8:30 P. M., ample time, the bill states, to have obtained the attendance of the witness, asked to be attached if the accused had availed of the permission accorded by the court. Subsequently, there was an application for a continuance on account of the absence of the witnesses, and still later, another

application on the second day of the trial, to suspend further proceedings until the attendance of the absent witnesses could be secured. Both applications were refused and bills reserved.

The argument in this court has been largely directed to the act of 1894, authorizing the State to force the trial of criminal cases on admitting that the absent witness relied on by the accused would testify as claimed by the accused. But this contention must be laid out of view under the statements of the trial judge. The right to continuance must be tested by the other grounds assigned on the bill.

In criminal cases, it is not an unreasonable requirement that the accused, desirous of securing attendance of absent witnesses, should make a timely application for the requisite process. The brief for the accused alludes to the informal fixing of the case for the 9th. As we read the bills, the case was fixed for that day and continued. Then on the 10th, when the case came up, we have before us an attachment granted, with a qualification that still would, in all probability, have secured the attendance of the witness in time. But the accused did not avail of the privilege given him. We have later in the trial, on the following day, the application for a continuance, and then still later, for a suspension of proceedings. Dealing only with the questions submitted by the bills restricted by the statements of the judge, we are constrained to hold there was not sufficient diligence exhibited for the continuance asked by the accused. Our view on this, the controlling question, disposes of others discussed in the briefs, or rather renders unnecessary any expression of our views beyond the issue, we think, determinative.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.