No. 13,290.

52   499
120  344

STATE OF LOUISIANA VS. ADAM SATTERWHITE.

SYLLABUS.

1. *Name of Owner.* There was no valid ground of objection to the amendment
   of the indictment by inserting the name of Jules Birotte for that of
   Claiborne Birotte as the owner of the property charged to have been bur-
   glarized. The crime charged was not affected by the question whether the
   property was owned by ·another person. State vs. Dominique, 39th Ann.,
   323 ; State vs. Christian, 30th Ann., 367.
2. *Description of Property.* A change in the description of property stolen
   may also be made.

APPEAL from the Eleventh Judicial District, Parish of St. Lan-
dry.—*Dupre, J.*

*Milton J. Cunningham,* Attorney General, and *R. Lee Garland,* Dis-
trict Attorney, for Plaintiff, Appellee.

*C. F. Garland* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J.   The accused was indicted for burglary; he was tried
and convicted of burglary and larceny and sentenced to eighteen
months in the penitentiary.

His case is before us on grounds presented in three bills of excep-
tions all growing out of the one objection to the amendments which
the court allowed the District Attorney to make to the indictment dur-
ing the trial.

The first bill of exception sets forth that on the trial of the case, the
evidence having shown conclusively that Claiborne Birotte, the one
stated in the indictment, was not the owner of the storehouse it was
charged had been burglarized and from which goods had been stolen,
but that they were the property of an entirely· different person, viz.,
Jules Birotte; that thereupon the District Attorney moved to amend
the indictment returned against him by erasing the name of Clai-
borne Birotte and inserting in its place the name of Jules Birotte;
that to this amendment he objected for the reason that it was an
amendment of substance and not of form, and, also, for the reason

that the amendment took the accused by surprise as he was not pre-
pared to defend himself against the new accusation, as he would re-
quire other and different witnesses to meet the new issue raised by the
amendment.

The objection was overruled. The Judge of the District Court
rested his refusal on the following grounds, viz., that Section 1047 of
the Revised Statutes of 1870, sanctions the amendment, and that the
accused, while testifying in his own behalf, admitted the commission
of the crime charged against him, but justified its commission upon
the ground that the prosecutor owed him wages, stating at the time
to him, accused, to get his money the best way he could. The trial
judge adds that he did not rest his ruling upon the statement of the
accused but upon the authorities; that he only adverted to that fact
as refuting the averment that the defendant was prejudiced by the
change of name as before stated.

The name of the person injured was treated by the trial judge as a
matter of description, and as not going to the substance of the offence.
The property, we understand, was otherwise fully identified and the
accused was placed on his defense as to which property was meant by
the description.

In State vs. Hancks, 39th Ann., 236, the Supreme Court held that
"the amendment was proper whenever it became evident that the
crime charged was not affected by the question whether the property
was owned by another person than the one named in the indictment."
Similar views were expressed in State vs. Dominique, 39th Ann., 323;
State vs. Christian, 30th Ann., 367.

In the second bill of exception reserved to the court's ruling, the
statement is inserted as part of the bill of exception that the defend-
ant moved for a postponement of the trial of his case for a few days,
on the ground set forth in his motion for postponement, which was
overruled by the court, because the postponement was unnecessary for
reasons assigned, and making part of his bill of exception.

Necessarily, much regarding the postponement of cases is left to
the direction of the trial judge. Unless it is evident that the rights
of the accused have been prejudiced in some way by the refusal to
postpone the case, the verdict of the jury will not be disturbed. The
objection does not seem to be insisted upon, doubtless for the reason
that the accused had, by his own testimony, made it manifest that

nothing was to be gained in his behalf by the postponement of the trial.

It does not appear that defendant was prejudiced in his defense by a refusal to postpone the trial. He admitted, as we take it, that he had committed the deed with which he is charged. He is, it is true, entitled to the whole of his admission, but even then his attempt at justification was not a justification. If it be true, as he swore, that he committed the act because his employer refused to pay him for his labor, it was a mean injustice on the part of the employer who should never act thus when called upon for payment for honest labor, but the denial of a right did not in the least justify the commission of a crime. It, the confession of a witness, may be considered as good reason for refusing, as the District Judge did, to postpone the trial after the amendment had been made.

In the third bill of exception, the defendant sets forth that after the indictment had been read to the defendant, the District Attorney moved the court to amend it by erasing therefrom the word "dwelling" and substituting therefor the word "store," to which his counsel objected for the reason that the amendment is one of substance and not of form. The court overruled the objection, because Section 1047 of the Revised Statutes permits such an amendment.

The grand jury's finding in one count was burglary by feloneously and burglariously breaking and entering with intent, the goods and chattels of Jules Birotte in his dwelling, etc., to steal, etc.

The State argues that it was one of those corrections in matter of description which may be made under the provisions of Section 1047, R. S. That section authorizes amendments of description in regard to all property set forth in the indictment when the crime charged is burglary or larceny.

We take it that it was not the intention to charge a new crime. The indictment may be amended as relating to an error of description, provided it remains the indictment of the Grand Jury. It does not appear whether the Grand Jury made the mistake of using the word "dwelling" for "store" or intended from the first that the dwelling had been burglarized and that subsequently it was made manifest to the prosecuting officer that it was not the dwelling but the store.

None the less, under the authorities, as relates to the description, amendments can be made. If the name, as relates to the description

of the property, can be changed, it follows that, as a matter of description before trial, the word "store" can be substituted for "dwelling." Under the extensive scope of Section 1047, we would hesitate in holding that almost any amendment of mere description is excluded as not possible. We copy from the statute: "Any variance between the statement in the indictment and the evidence may be remedied by amendment."

As relates to description of the property, the modification, following the foregoing qualification in the Section 1047 does not modify it much. After reciting at some length the amendment which may be made, the section sets out that amendments are legal "when there is variance in the name or description of any matter or thing whatsoever therein named or described."

On the face of the section, it includes the description in the indictment here as one which may be amended. The statute permits such amendments. The question of repugnancy of this section of the statute to the provision of the Constitution regarding proceedings against an accused by indictment, was not presented for our consideration either expressly by the pleadings or by argument at the bar. No issue on this score having been presented, following precedents, we do not choose to pass upon the question. It, the section in question, is to be treated as legal until the contrary appears on plea pleaded.

A statute having been regularly adopted must be considered as being within the constitutional limitations until it is challenged for sufficient cause.

We have not been favored with a brief by the attorney for the accused in this case; none the less, we have gone over the points urged in the District Court and have found no reason, or grounds presented, to set aside the verdict.

It is therefore ordered, adjudged and decreed that the verdict and sentence appealed from be affirmed.