(45 South. 271.)

No. 16,707.

STATE v. GIBSON.

(Dec. 2, 1907. Rehearing Denied Jan. 9, 1908.)

1. INDICTMENT—AMENDMENT—FORM.

The amendment to the indictment was of form, and was duly made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and Information, §§ 505–514.]

2. CRIMINAL LAW—REMARKS OF DISTRICT ATTORNEY NOT PREJUDICIAL.

An unimportant remark of the district attorney (not addressed to the jury), which the court directed the jury to disregard, is not good ground of complaint.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 1693.]

3. SAME—VERDICT—RETURN—CORRECTION.

The return of the jury through its foreman was sufficient. The foreman, through oversight, had not signed his name. The jury returned to their room of deliberation, and the capacity of their foreman, to wit, the word "Foreman," was then added.

The instruction given by the trial judge was not such as to vitiate the return.

4. SAME—BILL OF EXCEPTIONS—REFUSAL TO SIGN.

The bill of exception was not signed by the court for reasons stated. The statement is challenged by the defense.

Under established jurisprudence the judge's statement was accepted as correct.

It showed good reason for not signing the bill of exception.

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Clay Elliott, Judge.

Weldon Gibson was convicted of felonious assault, and appeals. Affirmed.

Thomas Milton Bankston, for appellant. Walter Guion, Atty. Gen., and Robert Stephen Ellis, Dist. Atty. (Lewis Guion, of counsel), for the State.

BREAUX, C. J. Defendant was charged in an indictment found at the October term of the court in 1906 with having committed a felonious assault on Tom Williams by willfully shooting at him.

On the 10th day of June, 1907, his case was called, and he stood his trial.

The jury found him guilty as charged.

On a later day of that month he was sentenced by the court to the state penitentiary to serve at hard labor for a period of five years and to pay the cost of the prosecution.

He appealed from the verdict and sentence.

There are a number of bills of exceptions.

In the first bill of exceptions the defendant urged that the amendment of the indictment was not such an amendment as the statute authorized.

In the indictment the word "him" was left out, following the word "at."

The indictment was amended on motion of the district attorney by inserting the word "him" following the word "at."

It is stated in the bills of exceptions that this amendment was made before a single juryman was sworn on his voir dire.

The district judge states in his remarks, made part of the bill of exceptions, that the indictment, before the amendment was made, contained every essential except the word "him" omitted; that the accused could not be deceived by its omission, nor prejudiced in his defense.

It was, we think, within the term of the statute permitting amendments. Rev. St. §§ 1047, 1063, 1064.

The following decisions have interpreted the statute and have upheld amendments made to indictments: State v. Johnson, 116 La. 30, 40 South. 521; State v. Hanks, 39 La. Ann. 235, 1 South. 458; State v. Samuels, 38 La. Ann. 458; State v. Jacobs et al., 50 La. Ann. 447, 23 South. 608; State v. Satterwhite, 52 La. Ann. 499, 26 South. 1006; State v. Bright, 105 La. 341, 29 South. 903; State v. Johnson et al., 104 La. 419, 29 South. 24, 81 Am. St. Rep. 139; State v. Finn, 31 La. Ann. 408; State v. Johnson, 29 La. Ann. 717; State v. Sullivan, 35 La. Ann. 845; State v. Elder, 21 La. Ann. 157.

Counsel for defendant did not argue this point and press it upon our attention. But, as it was not expressly abandoned, we gave it some attention.

The next bill of exceptions in the order presented was taken to the ruling of the court on remarks of the district attorney in the presence of the jury.

In regard to this point it appears that the defendant was on the stand as a witness in his own behalf, when he was asked by his counsel to state who began the difficulty.

The question was, in the form presented (which is not repeated here as presented), leading, as the district attorney thought. On that ground he objected to the question and in objecting said: "Of course, he [the defendant] will say the other fellow began it"—referring, as we understand, by the "other fellow" to Williams as the one who began the difficulty.

The defendant, through counsel, objected substantially on the ground that it had material bearing upon the case; that it conveyed to the jury the opinion of the district attorney regarding the witness as not being a witness worthy of belief, as he evidently thought, and that it was calculated to influence the jury against the defendant; that the impression created by it that the defendant would answer "Yes," whether true or untrue, was damaging to him and had a decidedly discrediting effect.

These were the objections.

The trial judge in his remarks, forming part of the bill of exceptions, informs us that he instructed the clerk to take down the statement of both counsel; that he instructed the jury not to give weight to the remarks of the district attorney. He stated, furthermore, that he was satisfied that the jury had paid no attention to the remarks complained of, and that they were too trivial and were not addressed to the jury.

It would be exceedingly difficult to arrive at the conclusion that the district judge erred in so far as relates to his position here. If there was the least prejudice in the remarks (we do not think there was), under the circumstances as stated by him, his instruction to the jury to disregard them was all that the accused could expect.

By the next bill of exceptions it is made to appear that the foreman of the petit jury, after their deliberations, came into court and handed the indictment to the judge with the finding thereon; that it was then handed to the clerk, who read it:

"We, the jury, find the accused guilty as charged.   J. L. Connelly."

It will be observed that the word "Foreman" was omitted. On discovering the omission, the judge, through superabundant caution, ordered the jury to return to their room and directed the foreman to sign the verdict, which he had failed to sign. In giving his instructions to the jury the court said to them to return to their room and reconsider their verdict, and he told them not to alter or change it in any way. The court adds that the matter of the verdict was not complained of by the defense until it was urged as the ground for a new trial.

It was then somewhat late to urge an objection.

The following is the statement of the trial judge:

"There was no objection made or exception reserved, as above stated. The matter of the verdict was not complained of until it was urged as a ground for a new trial"—as stated in the per curiam to bill of exceptions No. 4 for refusing the new trial.

"The above statement that counsel asked to have the clerk of court notice his objections, and that the court informed the counsel for the accused that the clerk could not and must not put exceptions on the minutes, and that counsel then asked the clerk to make a memorandum of the exceptions apart from the regular minutes, that the court refused, and so forth, is likewise without foundation. Nothing of the kind occurred or was done or said. Returning to the matter in hand, I repeat that such a bill was not reserved, and I would not sign this per curiam, were it not that I noticed that the document was filed June 13, 1907."

In any event, it is not of any importance that the foreman of the jury did not append that word to his name. It was not necessary. State v. Sheppard, 33 La. Ann. 1237.

The finding could have been given orally. The jury had found a legal verdict. They were instructed as before mentioned, returned to their room of deliberation, and returned into court with the identical verdict.

We certainly must decline to find error at this point.

The court and counsel disagreed regarding what took place before the court. There is a question of veracity between them. As the matter comes up to us at this time, the court, under well-established jurisprudence, takes the statement of the trial judge. The statement of the court will be accepted. State v. Bowser, 42 La. Ann. 936, 8 South. 474; State v. Nash, 45 La. Ann. 974, 13 South. 265.

In the manner proposed by the defense in this case, no testimony can be taken to disprove the statement of facts made by the trial judge. State v. Callegari, 41 La. Ann. 578, 7 South. 130.

The statement of the trial judge in overruling the motion for a new trial, forming a part of the bill of exceptions taken to the court's ruling, will control, particularly if the unavoidable inference is that the judge thinks that the recitals in the bill of exceptions are not in accordance with the facts. State v. Prade, 50 La. Ann. 915, 24 South. 642. See, also, on the same subject, State v. Veillon, 49 La. Ann. 614, 21 South. 856; State v. Kramer, 49 La. Ann. 766, 22 South. 254, 62 Am. St. Rep. 664; State v. Haab, 105 La. 231, 29 South. 725.

Something is said by the defense regarding the unwillingness of the court to allow the clerk to make a note showing that a bill of exceptions had been filed, and to allow the clerk to make a statement of facts under Act No. 113, p. 162, of 1896.

We are informed by the court that on another occasion the court had requested the members of the bar not to ask the clerk to note a bill or make a statement of facts, but that in this case there had been no refusal of the kind.

The court explains in regard to its request to the bar that the court did not think that such filing should be mentioned or such statement of facts made when there were no facts to be made—nothing to be made a record of.

Be all this as it may, no formal exception was taken, and the court states positively that it made no such ruling.

This brings us to the motion for a new trial. It presents all of the points before mentioned. As they have been passed upon already, they will not be reviewed again at this time. There is no merit in the motion for a new trial, nor in the motion in arrest of judgment. We rest content with stating our conclusions after having examined into the motions.

We desire to state, before closing the case, that defendant's counsel complains of the refusal of the court to sign a bill of exceptions prepared on behalf of the defendant.

As no objection had been timely made, and as the judge could not agree with the statement presented to be signed, forming part of the bill of exceptions, the alternative left for him was to refuse to sign the bill. There is no question that Act No. 113, p. 162, of 1896, requires, whenever a question arises out of certain facts, the clerk should note the facts connected therewith; but there are no facts in this instance. Why should the clerk note anything?

We have examined the different points carefully, and have arrived at the conclusion that defendant is not entitled to relief. The proceedings, as made to appear in the record, taken as a whole, do not impress us as prejudicial to the right of the defendant. It occurs to us that the court sought in his trial to administer the law in

the manner required. If the court has erred, that error should have been made to appear. In the absence of legal showing of error, we must decline to set aside the verdict and judgment of the court.

They are affirmed.