(117 So. 141)

No. 29161.

**STATE v. HACKETT et al.**

April 9, 1928. Rehearing Denied May 7, 1928.

Elmer L. Stewart and Allen R. Le Compte, both of De Ridder, for appellants.

Percy Saint, Atty. Gen., John J. Robira, Dist. Atty., and S. H. Jones, Asst. Dist. Atty., both of Lake Charles (S. H. Jones, Asst. Dist. Atty., of Lake Charles and E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

OVERTON, J. The defendants were indicted for the crime of robbery, the indictment charging that they "did willfully, unlawfully, and feloniously make an assault in and upon one H. B. Mills, and then and there a box of automobile tire patching, of the goods and chattels of him the said H. B. Mills, then and there feloniously, forcibly and by violence and by putting him the said H. B. Mills in fear, did take, steal, and carry away." The defendants were tried, convicted, and sentenced on this charge, and complain before this court of certain alleged errors made in the course of the trial.

The defendants reserved three bills of exceptions, during the impaneling of the jury, to the overruling of challenges preferred by them for cause. One of the jurors, against whom the challenges were directed, was H. F. Cryar, who was a neighbor of H. B. Mills, the prosecuting witness. Mills had given Cryar an account of the alleged robbery, and Cryar, it appears, had formed, from the account given him, an opinion touching the guilt of the accused. He stated, however, that, if accepted as a juror, he could disregard what he had heard concerning the case, and would try it upon the evidence to be adduced at the trial. The remaining jurors against whom the challenges were directed were J. B. Kilman and J. W. Bassham. Both Kilman and Bassham had conversed with Mills concerning the case, but it does not appear that either of them had an opinion, when called as jurors, touching the guilt of the accused. In fact, Kilman said distinctly that he had no opinion touching their guilt, and remembered only a part of what had been told him. Bassham said that he remembered nothing of what had been told him, and it is apparent, from the answers given by him on his voir dire, that he had no opinion touching the guilt of the accused.

■ There was no error in overruling the challenges. The trial judge was satisfied that the jurors had truthfully answered the questions propounded to them, and that, if accepted as jurors, their verdict would be based solely upon the evidence that would be adduced on the trial of the case. There is not the slightest evidence of bias or prejudice by any one of these jurors against the accused. The trial judge states that these jurors were men of high type. As said in Marr's Criminal Jurisprudence (2d Ed.) § 447, p. 684:

"A juror is competent who has read and heard of the homicide and has formed an opinion as to the guilt or innocence of the accused, if he is unprejudiced, and if his opinion will yield to the evidence produced on the trial, and if he will find a verdict in accordance with that evidence and the law as given him by the judge."

Moreover, it has been held that, although it appears that a juror has conversed concerning the case with some of the witnesses, whom he stated he believed to be truthful men, and that it would require strong evidence to remove the opinion formed, the juror will nevertheless be held to be competent, if he answered that he would be governed solely by the law, as given him by the judge, and by the evidence as adduced on the trial, in arriving at a verdict, and where it does not appear that the juror was biased or prejudiced against either party to the case, and where the judge stated that the juror was a man of high character, and that he believed that he had answered the questions propounded to him truthfully. State v. Mayfield, 104 La. 173, 28 So. 997; State v. Guidry, 28 La. Ann. 630.

■ The next bill was taken during the introduction of evidence. It appears that the witnesses in the case were sequestered by the judge. It also appears that on the evening before the bill was taken the state announced that it closed its case in chief. On the next morning, however, on motion of the district attorney, and before the defendants had offered any evidence, the case was reopened in order to enable the state to offer further evi-

dence. No objection to the reopening of the case was made at the time. The district attorney then called and examined a witness. After the witness had been examined, the district attorney called Elmer Mulig to the stand. Mulig had not been sequestered with the other witnesses, and had heard a part or all of the evidence offered by the state. When Mulig was called, defendants then objected to the reopening of the case, and also to Mulig's being permitted to testify, because he had not been sequestered, but had remained in the courtroom during the trial. It does not appear that Mulig had been subpœnaed as a witness, or that he had been purposely kept in the courtroom, during the trial, to be used as a witness.

■■ It is within the sound discretion of a trial court to reopen a case before the argument has commenced to enable either the state or the defense to introduce further evidence. Marr's Crim. Jur's. (2d Ed.) page 995, sec. 650. It is also within the sound discretion of the trial court to permit a witness who has not been subpœnaed, and who was not sequestered with the remaining witnesses, to take the witness stand, although the witness had heard a part or all of the evidence introduced up to the time he was called, where it does not appear that the witness was kept in the courtroom by design. State v. Goodson, 116 La. 388, 40 So. 771; State v. Foster, 150 La. 971, 91 So. 411. In this instance there was no abuse of discretion in permitting either the reopening of the case or the calling of the witness to the stand.

The next bill presented for consideration is one relating to the general charge of the court, and to the refusal to give the jury a special charge, intended to correct the general charge. It appears that the court charged the jury that they could return only one of two verdicts—one of guilty as charged, and the other, not guilty. Defendants objected to this charge, and requested the court to charge the jury that, in addition to those charges, they might return a verdict of guilty of larceny or one of guilty of larceny from the person. The court refused to give the special charge requested.

The reason why the trial judge refused to give the special charge requested was because in his opinion a charge of robbery and larceny in one count is merely a charge of robbery, the larceny being merely descriptive of the robbery, and that, since robbery, which is necessarily punishable by imprisonment at hard labor, is triable by a jury of twelve, and since the property, alleged to have been stolen, was worth only 35 cents, the larceny of which was necessarily triable by the court without a jury, a jury could not find the accused guilty of the larceny, since they were without jurisdiction of the offense. The trial judge cites, in support of his ruling, State v. Desselles et al., 150 La. 494, 90 So. 773.

The case cited by our brother of the lower court does not support his ruling. That was a case in which two indictments were returned against the defendants, one charging them with burglary with intent to steal certain property, and the other charging them with the larceny of similar property, but without alleging that the larceny was connected with the burglary. The two indictments were consolidated and tried as one case before a jury of twelve, notwithstanding that only the burglary charge was triable by a jury of twelve; the larceny charge being triable by a jury of five. The jury in that case found the defendants not guilty of the burglary charged, but guilty of larceny. This court held that the trial court with a jury of twelve was without jurisdiction to try the defendants for the larceny charged, and annulled the verdict finding them guilty of that offense. In assigning reasons for the ruling made, it was pointed out that, not only was it not charged that the larceny was committed in connection with the burglary, but, moreover, that larceny was not

essentially included in burglary, and hence, under a charge of burglary, a verdict of guilty of larceny could not be returned. But it was not held in that case, or in the later case of State v. Hataway, 153 La. 751, 96 So. 556, which the trial judge also possibly had in mind, or in any other case, that, where an offense is included in another offense charged, a verdict for the lesser offense could not be returned, although the lesser offense, had it been charged and tried separately, would have been necessarily triable by a tribunal differently constituted. To the contrary, it was said in the Desselles Case, and reaffirmed in the Hataway Case, that:

"A court or jury having jurisdiction to try the defendant for the crime charged in a bill of indictment or information has jurisdiction to convict him of a less 'serious crime, of which, if charged alone, the court or jury would not have jurisdiction; provided, of course, all of the elements of the less serious crime are essentially included in the definition of the crime charged. The reason is that the jurisdiction of a trial court or jury is determined by the nature or gravity of the crime charged, not by the judgment or verdict that may be rendered."

 The crime of robbery includes simple larceny, as well as larceny from the person. It is "the felonious and forcible taking from the person of another of goods or money to any value by violence or putting him in fear." 4 Blackstone, Comm. 242. The elements of the offense are: (1) A larceny; (2) the asportation from the person; and (3) the effecting of these things by force or by putting in fear. 2 Bishop's New Crim. Proced. § 1001, page 457. However, it is possible to so frame a valid indictment for robbery that it will not support a verdict of simple larceny. This is so, because, where there are no degrees of robbery, based upon the value of the thing stolen, as is the case in this state, it is unnecessary to allege the value of the thing taken, though, of course, the property must have some value. 1 McLain, Crim. Law, § 481, page 461; 34 Cyc. p. 1805; 23 R. C.

L. p. 1153. On the other hand, larceny in this state, aside from certain forms of it, such as the stealing of cattle, is divided, upon the basis of the value of the thing stolen, into grand and petit larceny, and the latter is further graded on the basis of the value of the property taken, the punishment being made to depend upon the value. Section 8 of Act 124 of 1874, p. 223; section 5 of Act 107 of 1902. Therefore, ordinarily speaking, an indictment for robbery in this state, which does not allege the specific value of the property stolen, will not support a verdict for simple larceny, though it will support a verdict for robbery. We therefore think that the judge did not err in refusing to charge the jury that, if they found that the evidence justified it, to return a verdict of guilty of larceny, though we think that the reason given by him for so ruling is incorrect. But, as relates to the special charge requested to the effect that the jury might return a verdict of guilty of larceny from the person, a somewhat different question is presented. Larceny from the person, or, as styled by statute, stealing from the person of another, is denounced by Act 40 of 1914. Under that act, it is unnecessary to allege the value of the thing stolen, for neither the guilt of the accused nor the extent or nature of the punishment depends upon it. It suffices, if the thing stolen has some value, no matter how small that value may be. The offense, as appears from what we have said, and as a mere reading of the statute will disclose, is included in robbery. Therefore, strictly speaking, the judge should have instructed the jury that they might return a verdict of guilty of larceny from the person. However, the judge charged the jury, in his general charge, that, even though they believed the defendants to be guilty of larceny, which we think was sufficient in its scope to include larceny from the person, to acquit. This charge, which was express, was more favorable to the accused

than they had a right to expect or demand. The state alone could suffer from it, not the defendants. Hence we should not, because of that error, which, as stated, was favorable to the accused, disturb the verdict. It would probably be otherwise if the judge had not expressly instructed the jury what they should do in the event they believed that the accused were guilty of larceny, but, having done so, and to the advantage of the accused, they cannot complain.

The remaining bill of exceptions is one overruling a motion for a new trial. It presents nothing for review that has not already been considered.

For these reasons, the verdict and the sentence appealed from are affirmed.

ST. PAUL and BRUNOT, JJ., dissent.

O'NIELL, C. J. (dissenting). The process of reasoning in the majority opinion in this case is very logical, but it leads me to a different conclusion. I agree that there was no error in the judge's refusal to charge the jury that they might render a verdict of guilty of larceny if, in their judgment, the defendants were guilty only of larceny. The indictment for robbery, in this case, did not include also an indictment for larceny, because the value (35 cents) of the thing alleged to have been stolen (a box of automobile tire patchings) was not stated in the indictment. In that respect, the judge was right in charging the jury that, if they found that the defendants were guilty only of larceny, the verdict would have to be not guilty, because the defendants would, in truth, be not guilty of the crime charged in the indictment. But the indictment for robbery, in this case, did include also an indictment for the crime of "stealing from the person," as defined in the Act 40 of 1914, p. 104. The statute declares:

"That whoever shall steal from the person of another, *when such theft does not in law amount to robbery*, or shall attempt to steal from the person of another, when such attempt shall not in law amount to an assault with intent to rob, shall on conviction thereof be imprisoned with or without hard labor for not more than five years."

I have italicized that part of the statute which virtually declares that the crime of stealing from the person may be committed in a way that will amount to the crime of robbery. Therefore the crime of robbery, essentially, includes the crime of stealing from the person, as defined by the act of 1914. It is not necessary to state the value of the thing stolen, in an indictment for stealing from the person. If the judge had instructed the jury —with regard to the crime of stealing from the person—as he instructed them with regard to larceny, that the defendants could not be convicted of the crime of stealing from the person, even if the jury found that they were guilty of that crime, but not guilty of robbery, the instruction would have been wrong; but the harm would have been done to the state, not the defendants, because such an instruction with regard to stealing from the person would have been—like the instruction which the judge gave with regard to the crime of larceny would have been if the value had been stated in the indictment—a more favorable instruction than the defendants were entitled to have. As it was, the judge refused to allow the jury to render a verdict of guilty of stealing from the person, as defined by the act of 1914.

For these reasons, I respectfully dissent from the majority opinion.