ROGERS, J.
 

 The defendant was charged with the offense of carnal knowledge, and upon the trial thereof was convicted. He was sentenced, on his conviction, to imprisonment for six months in the parish jail, and has appealed. The record, contains three bills of exception.
 

 Bill No. 1. After the defendant had closed his case, the state, during the offering of its evidence in rebuttal, placed upon the stand one John McNabb, who testified that the defendant had asked him to use his influence with one Murry Ferguson to marry the prosecutrix, so that the case would be thrown out of court. The testimony was objected to on the ground that it was not rebuttal testimony. The objection was overruled. The trial judge states that the witness was originally summoned by the defendant, who did not place him on the stand; that the state could not have known, before resting, what his testimony would be, and evidently learned it later. He admitted the testimony, because he thought it was in rebuttal of defendant’s denial of guilt, and also under the discretion vested in him by law, reserving to defendant the right to rebut it.
 

 We think the testimony was admissible in contradiction of the defendant’s denial of guilt, since, if he was not guilty, he would have no interest in attempting to get the witness to induce Murry Ferguson to marry the prosecutrix, in order to secure the dismissal of the case. The weight of the testimony was for the jury. Moreover, conceding, arguendo, that the testimony was not in rebuttal of any
 
 *985
 
 testimony offered on behalf of the defendant, the effect of the ruling of the trial judge was to reopen the case, which was within his sound discretion, provided he gave defendant an opportunity to contradict the testimony of the witness McNabb. It is admitted that this was done. See State v. Hackett, 166 La. 261, 117 So. 141; State v. Hidalgo (No. 29522) 120 So. 31,
 
 [1]
 
 decided January 2, 1929.
 

 Bill No. 2. The bill was reserved to the overruling by the trial judge of defendant’s motion in arrest of judgment. The motion was leveled at the form of the jury’s .verdict, which reads as follows, viz.:
 

 “We the jury find Albert Sliman Guilty Foreman of the Jury
 

 “[Signed] M. M. Strickland.”
 

 The minutes of the court show that the jury came into court and delivered its verdict through its foreman, and was then polled; each juror answering in the affirmative and verifying the verdict. The record discloses that M. M. Strickland was a member of the jury. The jury selects its own foreman, through whom its verdict is delivered, either orally or in writing. Cr. Code, art. 398. When Strickland, in the presence of the jury, presented its .verdict, he was acting as foreman with the jurors’ knowledge and consent, and the verdict would not be vitiated, even if the term “foreman” had been entirely omitted. State v. Sheppard, 33 La. Ann. 1216; State v. Gibson, 120 La. 343, 45 So. 271. A fortiori is the verdict valid where the term “Foreman” is appended to th'e signature of the foreman, although it appears above, and not below, that signature. The irregularity is unimportant.
 

 Defendant also alleged in his motion that the jury was not polled in the manner provided by Cr. Code, art. 417. The minutes of the court show, as hereinbefore stated, that after the verdict was rendered the jury was polled, “and each answered in the affirmative, each verifying the verdict.” The presumption is that the jury was polled as required by law. No objection as to the manner of its polling was urged at the time, nor was any evidence offered, or sought to be offered, on the motion for a new trial, to overcome the presumption of its legality. Defendant’s complaint is not reviewable under his motion in arrest.
 

 Bill No. 3. The bill was taken to the action of the trial judge in overruling defendant’s motion for a new trial. The only averment of the motion which was stressed by the . defendant before this court is that the verdict was contrary to the law and the evidence, for the reason that the state failed to prove that the offense charged was committed with the consent of the prosecutrix. The trial judge states that the evidence was sufficient to prove the defendant’s guilt beyond a reasonable doubt. The question submitted under the bill is one of fact, exclusively, relating to the guilt or innocence of the defendant. It is not within the province of this court to deal with such a question under the powers conferred upon it by the Constitution.-
 

 For the reasons -assigned, the verdict and sentence appealed from are affirmed.
 

 [1]
 

 Ante, p. 628.