BREAUX, C. J.
The defendant was indicted in the parish of Tangipahoa for assault with intent to commit rape. He was tried, convicted, and sentenced to imprisonment in the state penitentiary for 20 years.
He appeals from the verdict and sentence.
There are two bills of exceptions, one to *379 the refusal of the trial court to give a special charge, and the other to his refusal to grant a continuance.
We approach in the first place for decision the ground growing out of the refusal of the district judge to give the special charge requested by defendant’s counsel.
The charge requested was that the jury might find a verdict of guilty of assault, or guilty of assault and battery.
In the per curiam the facts are detailed with some particularity. In his general charge the judge had instructed the jury that the specific intent to commit rape was necessary to make out the offense charged.
We are of opinion that assault or assault and battery are not pertinent to the issue, as made by the testimony, as certified by the judge in connection with the point of law involved.
The judge informs us that the uncontra-dicted testimony of the prosecuting witness was in effect that the defendant took the prosecuting witness by the throat, choked her, and that, owing to her struggles and cries and screams, and the approach of those attracted by her screams, he released his hold upon her throat and ran.
The judge’s inference, as stated by him, was that, if the defendant had intended to commit a simple assault or merely to beat and bruise the prosecuting witness, he would not have addressed her as he did (the words are noted somewhere in the transcript), and following it up by violently choking her and struggling, with her until some one came to her relief.
There was no evidence, we are informed by the district judge, upon which to base the instruction requested. Therefore there was no necessity to give a charge regarding the lower grades of crime.
The judge’s statement is not in the most remote manner questioned. State v. Fruge, 106 La. 694, 31 South. 323.
Whenever the evidence shows that a defendant may well be convicted of either of different degrees the jury should be informed by the court in what these degrees consist. Here the evidence shows nothing of the kind. See syllabus in State v. Bryant, 55 Mo. 79.
In the pending case the uncontradicted' statement of the judge is that the evidence did not show that the defendant could well have been convicted of another or less crime. On the contrary, he states clearly and specifically that he was guilty of the crime charged if guilty at all, and that there was no evidence before the court of assault or assault and battery.
Bishop is very clear on the subject. He has cited a large number of decisions in support of his text. 1 Bishop (3d Ed.) § 9S0.
The statement of the judge, copied in the bill of exceptions, is that the uncontradicted testimony showed the intent to commit rape.
On the part of the defense, the judge was requested to charge that under the indictment the jury “may find a verdict of guilty of assault or of assault and battery.” (Italics ours.)
The defendant, through counsel, laid no predicate for the charge. He assumed that without evidence it was proper to give the charge.
That proposition is not sustained by jurisprudence.
There was no theory based upon any, the least, fact that assault or assault and battery was an issue of the case.
This court has decided repeatedly that, on appeal in such a case as that before stated, the verdict would not be reversed.
See State v. Matthews, 111 La. 966, 36 South. 48, and the decisions cited.
The court’s charge was complete and full.
The requested instruction is vague and unsupported by any statement that it was ever intimated in any way that assault or assault and battery was an issue of the case, as it *381 was not stated whether the instruction should hare been that it was possible to find a verdict of mere assault or of assault and battery. Assault and battery was not charged in the indictment. It charged the intent to commit rape without charging assault and battery. The pleader followed the statute. He did not follow the common-law form, as stated in State v. Fontenette, 38 La. Ann. 61, in which defendant was charged with “violence and beating,” and substantial assault brought in the present case does not include assault and battery.
See 8 McClain, § 462. Assault and battery is not necessarily part of the crime.
To return to the cited case above (Fonte-nette Case), it was held that there was no duplicity in the indictment. There was only the one charge, and that attempt to commit rape, although all the elements of assault and battery were recited in the indictment.
Had the instruction been given in the pending case, it would have been improper.
The next bill of exceptions was, as before stated, taken to the refusal of the court to grant a continuance. The complaint was on the part of the defendant-that no legal or sufficient return had been made by the sheriff on the subpoena issued for the witness George Barnes.
The sheriff was away from the parish seat on the day of the trial it seems. On account of the failure to indorse the subpoena, defendant asked not to be forced to trial, that the witness was within the limits of the parish of Tangipahoa, and that the case should be postponed in order to await the sheriff’s return, and that then he would make proper return on the subpoena of service.
The court informs us that, after the application for a continuance had been made, the witness Barnes appeared in court. He was examined by the judge, and disclosed that he knew nothing about the facts of the case. Immediately thereafter defendant announced that Barnes was not the witness wanted. This announcement was made after consultation with his attorney.
Our attention is invited by the court’s per curiam to an examination of the bill of exceptions taken to the court’s refusal to continue the case on the ground that no return had been made by the sheriff, as stated above.
An inspection of the bill of exceptions and a perusal of the judge’s reasons therein discloses that defendant had no interest in the sheriff’s return, and yet that is the only bill of exceptions that he took; that was the extent of his complaint, as included in the bill of exceptions. It necessarily follows that, so far as the grounds stated are concerned, the bill of exceptions brings up no question having the least merit.
In the motion for a continuance it is stated that defendant’s counsel erred in giving the name of George Barnes as the witness to be summoned; that the name of the witness wanted was George Bornes. ■
No subpoena was ever issued for Bornes, nor was due diligence shown to have a subpoena issued to him. At the last moment the defendant changed his mind about his witness from Barnes to Bornes.
We judge from the long statement of the trial judge that he suspected that the defendant was not entirely sincere, or at any rate that defendant had not been diligent in matter of issuing a subpoena to this witness. Moreover, it appears that the purpose on the part of the defendant was to prove an alibi. The allegation, in so far as relates to this asserted alibi, is not clear and convincing, for defendant swore that he was employed and worked in a sawmill with the witness Bornes a short time during the summer previous. He did not state in his affidavit that the day he was charged with having attempted to commit the crime charged was included within those days that he worked at a sawmill in the state of Mississippi.
*383 He failed to properly allege facts sufficient to establish an alibi.
The law and the evidence being in favor of the state, it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.
MONROE, J. I dissent.
PRO YO STY, J. I dissent.
See concurring opinion of LAND, J., 45 South. 285.