(55 South. 556.)

No. 18,724.

STATE v. RICHARD et al.

(May 22, 1911. Rehearing Denied June 17, 1911.)

*(Syllabus by the Court.)*

1. HOMICIDE (§ 310*) — ASSAULT WITH INTENT TO KILL—INSTRUCTIONS.

Where the accused is charged with striking another with a dangerous weapon, and the whole theory of the case was that he struck, and there is not an iota of evidence to the contrary, it would be a loss of time were the judge to instruct the jury that they may find him guilty of an assault.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 660; Dec. Dig. § 310.*]

2. HOMICIDE (§ 310*)—ASSAULT WITH INTENT TO KILL—INSTRUCTIONS.

The accused was not charged with having committed the crime of assault and battery; there was no theory based on any such state of facts—not a particle of evidence introduced to sustain any such theory, and not an issue presented upon any such basis in the district court. *Held*, that the defense cannot insist upon an abstract instruction to go to the jury.

It devolved upon the defense to make some sort of showing that the defendant, if guilty, is guilty of an offense less in degree than that charged. Matthews Case, 111 La. 963, 36 South. 48.

[Ed. Note.—For other cases, see Homicide, Dec. Dig. § 310.*]

3. HOMICIDE (§ 307*)—ASSAULT WITH INTENT TO KILL—INSTRUCTIONS AS TO MINOR OFFENSES.

If one be charged with murder, there is a statute requiring an instruction as to minor offenses.

There is no statute where the defendant is charged with having struck a prosecuting witness with a dangerous weapon with intent to kill and murder him.

[Ed. Note.—For other cases, see Homicide, Dec. Dig. § 307.*]

4. PLEA OF GUILTY.

Four accused were indicted for the same offense. One pleaded guilty of assault and battery. The district attorney accepted the plea,

128 LA.—28

and he was, accordingly, sentenced for that crime.

5. CRIMINAL LAW (§ 528*) — SEVERAL DEFENDANTS—CONVICTION OF ONE FOR LESSER OFFENSE.

That can be of no possible consequence in the case, for, where several accused are condemned, one may be guilty of a lesser offense than the others, and it is then not improper to accept a minor plea.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1002; Dec. Dig. § 528.*]

Provosty, J., dissenting.

Appeal from Twenty-Seventh Judicial District Court, Parish of Assumption; Paul Leche, Judge.

Albert Richard and others were convicted of assault with intent to kill, and appeal. Affirmed.

See, also, 127 La. 413, 53 South. 669.

Marks, Wortham & Le Blanc and Beattie & Beattie, for appellants. Walter Guion, Atty. Gen., and Philip H. Gilbert, Dist. Atty. (G. A. Gondran, of counsel), for the State.

BREAUX, C. J. The four defendants in this case were charged in the indictment found against them with feloniously and willfully striking with a dangerous weapon, to wit, a stick, the three persons named in the indictment, with intent to kill and murder them.

The cases of three of the defendants have been decided.

One of the number pleaded guilty to the charge of assault and battery, and, on that plea, was sentenced by the court.

The present defendant was tried and found guilty of striking with a dangerous weapon with intent to kill.

He appeals, and the points upon which he relies on appeal are before us in three bills of exceptions to the judge's charge.

The first bill of exceptions shows that the judge charged the jury that they might bring in a verdict of guilty of striking with a dangerous weapon with intent to kill.

The defendant raised the question that,

under that instruction, the verdict would not be responsive to the charge.

The judge refused to make any correction to or add to his charge.

To the judge's ruling, the defendant reserved a bill of exceptions on the ground that the verdict would not be responsive to the charge.

In another bill of exceptions, the trial judge, it is stated, was requested to charge the jury that among the verdicts which they might find was the verdict of guilty of assault and battery.

This instruction the trial judge refused to give, but charged the jury that the only responsive verdict would be guilty as charged; guilty of striking with a dangerous weapon with intent to kill; or not guilty.

Defendant, through counsel, in a third bill of exceptions, requested the court to instruct the jury that among the verdicts which it might find was guilty of assault; guilty of assault and battery.

The defendants were prosecuted under Act 44 of 1890, p. 37.

The penalty is hard labor or otherwise, and the case was tried by a jury of five.

We take up in the first place for decision the question whether the jury had authority under the law to find the accused guilty of assault.

That question was considerably debated in the case of the State v. Bellard, 50 La. Ann. 594, 23 South. 504, 69 Am. St. Rep. 461, in which the defendant was prosecuted for striking with a dangerous weapon with intent to kill and murder.

Defendant was convicted of assault.

The court on appeal reversed the judgment and remanded the case.

We will not dwell upon that decision at any length or seek to find others.

[1] Our attention was arrested by the fact that the accused was charged with striking; the actual striking of the prosecuting witnesses.

The whole theory of the case was that the accused struck the prosecuting witnesses.

Learned counsel in their brief inform us that:

"Where, under an indictment, as in this case, the charge is positive that a blow was struck with a stick, then it becomes necessary for the trial judge to charge that a verdict of assault and battery is responsive to the charge."

The defendant is concluded by his own statement.

We are loath to hold a defendant too closely to the argument to which he has been driven in presenting his defense; none the less, we cannot avoid the thought that a defendant, in whose defense an argument is presented on a certain statement of facts, cannot have the sentence reversed on an entirely different statement of facts.

The defendant is bound, to some extent, by his own statement, made in his defense.

In any event, under no circumstances was the defendant entitled to the charge requested; that is, the charge that the jury could find him guilty of mere assault.

At most, if the theory of the defense be correct, and if he did not strike the prosecuting witnesses, he would be entitled to a charge of assault with a dangerous weapon

That charge was not requested.

To state that which is well known:

A defendant who strikes at or attempts to strike is guilty of a different crime than the one who strikes.

[2] Now as relates to assault and battery, regarding which a request was made of the judge to charge the jury:

This point presents some difficulty.

But, after carefully considering the case reported in 111 La. 963, 36 South. 48 (the Matthews Case), we have arrived at the conclusion that, if it be good authority—and we do not know why it should not be so considered—the verdict will have to remain as it is.

In this cited case, the defendant was charged with assaulting the prosecuting witness by willfully shooting at him.

The defendant asked the court to charge the jury that it might return a verdict of guilty of simple assault.

The court held that the defendant might have been found guilty as charged, guilty of an assault with a dangerous weapon, or guilty of assault and battery, or not guilty.

[3] He was found guilty as charged.

The court held that, as there was no evidence of assault otherwise than by shooting at or with a dangerous weapon, the defendant was not entitled to the charge for the lesser offense.

The court in the cited case said that the bill excepted to the action of the court in refusing to charge the jury that they might return a verdict of simple assault, as before stated, and added that no instruction should be given to a jury upon a theory in regard to which the evidence afforded no support, and that, in order to bring up for review the ruling of a trial judge in refusing a special charge, the bill of exceptions should show the facts or testimony to which the charge is supposed to be applicable, since it is only when informed in regard thereto that an appellate court is in a position to determine as to the correctness vel non of a ruling.

The court cited State v. Hamilton, 41 La. Ann. 317, 6 South. 540; State v. Becd, 41 La. Ann. 584, 6 South. 431; State v. Harris, 51 La. Ann. 1105, 26 South. 64; State v. Johnson, 107 La. 546, 32 South. 74; Ency. of Pleading & Practice, vol. 2, p. 211.

The case quoted from above is directly in point and is controlling.

Courts should not be expected to do vain things. As, for instance, if a nisi prius judge is certain there is not a scintilla of evidence upon which to base a verdict for a minor offense, he should not be compelled to instruct the jury that they might find a verdict for a minor offense.

Conceding that he ought to so charge, and the jury follows the last instruction, then, on application for a new trial, if there was no evidence of a minor offense before the court, it becomes his duty at once to set aside the verdict.

It follows that the instruction would be labor lost; the doing of a vain thing.

This is more, we think, than ought to be expected. Matthews Case, 111 La. 963, 36 South. 48.

The Kemp Case, 120 La. 378, 45 South. 283, has been mentioned in argument. The charge was that an attempt had been made to commit rape.

That case has support in other jurisdictions.

Although, from the first movement made to inflict the crime, it was quite evident that the purpose was to kill and murder, must the jury be told, none the less, that it was an assault and battery?

The case now before the court is not substantially different from the cited cases.

Pursuing the subject, we read a number of references in the Century Digest, vol. 14, p. 2775 et seq.

We have found them pertinent and have arrived at the conclusion that the weight of authority sustains the decision from which we have quoted.

We were particularly impressed by decisions of the Supreme Court of Texas. That court forcibly holds that, without a theory and without evidence, no issue requiring it, the charge here requested should not be given.

The judge certified that there was not a particle of evidence of assault and battery in the case.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.

PROVOSTY, J., dissents.